### HOWE v STATE

Ohio Appeals, 9th Dist, Medina Co
No. 112.  Decided April 10, 1931

Arthur Krause, Cleveland, for Howe.

D. D. Porter, Prosecuting Attorney, Cleveland, for State.

WASHBURN, J.

The rule of the statute as to computation of time in civil cases applies to criminal proceedings.

**State v Elson, 77 Oh St 489, at p 496.**

It is, however, strenuously urged that, as the intoxicating liquor which was introduced in evidence was obtained by means of a search warrant which was insufficient and illegally issued, the motion of said Howe for the return of said liquor and to suppress said evidence, should have been granted, and for error in overruling said motion the judgment should be reversed.

Inasmuch as the evidence relied upon for a conviction was obtained by means of said search warrant, the ruling of the court upon said motion is of controlling importance in the case.

The record discloses that the affidavit for the search warrant was filed on Jan. 10, 1931; that the search warrant was issued on that day; that it was executed that evening at about 10 o'clock p. m.; that said Howe was subsequently tried upon an affidavit filed Jan. 12, 1931, in which he was charged with illegal possession of intoxicating liquor, and that at said trial, after the attorneys for the state and said Howe had "stated their respective claims to the court and the evidence by which they expected to sustain the same," counsel for said Howe made a motion for an order of the court directing the return of the property seized and "for an order to suppress the evidence seized" on the ground that "said evidence was obtained pursuant to a search warrant which was void, illegal and ineffectual."

The grounds urged for this claim were—first, that the affidavit did not set forth sufficient grounds for the issuance of a search warrant; second, that the place to be searched was a private residence and the charge upon which plaintiff in error was tried being for unlawful possession, no crime under the statute was set forth in the affidavit for the search warrant; and third, that the search warrant was for a search in the night time and the affidavit did not set forth facts sufficient to warrant the issuance of a search warrant which was to be served in the night time.

No other defect, either in the affidavit or in the issuance of the search warrant, was claimed or brought to the attention of the court upon the hearing of said motion.

The affidavit for the search warrant sets forth not only that intoxicating liquor was illegally possessed, but also that it was illegally manufactured, sold, furnished and given away in the dwelling house of said Howe, and that said dwelling house "is not a bona fide private residence" and "that there is urgent necessity for the search thereof to be made in the night."

It will be noted that the affidavit charges that the dwelling house was being used for the illegal manufacture, sale and possession of intoxicating liquor, and when that is true, the search of a dwelling house is permissible under the statute; such facts constitute a basis for the belief that the dwelling is not a bona fide private residence and the affidavit need not set forth any additional facts in reference thereto nor as to the necessity for a search in the night.

See, **Cochran v State, 105 Oh St 541, at p 544.**

The judge having authority to order the search warrant issued may require further evidence as to the necessity for a search in the night and as to any other matters bearing upon the question of probable cause for the issuance of a search warrant, but we hold that said affidavit, so far as allegations of fact are concerned, was sufficient to warrant the issuance of a search warrant to search the dwelling house of said Howe in the night time.

At the trial upon said motion, no evidence was offered by said Howe in support thereof, and therefore when said motion was passed upon by said court there was no evidence contradicting the charge made in the affidavit to the effect that the dwelling house in question was being used for the unlawful manufacture, sale and possession of intoxicating liquor and that it was not a bona fide private residence and that there was urgent necessity for a search of the same in the night time; and in the absence of such evidence, the presumption would be that before said search warrant was issued, the proper showing was made which justified the issuance thereof.

During the subsequent proceedings of the court in said trial, evidence was adduced of facts which fully justified the issuance of said search warrant. That evidence was to the effect that previous to the date of said search warrant said dwelling had been searched and that there was found in the cellar, in a receptacle concealed in a hole in the floor, a gallon of whisky, and that said Howe pleaded guilty to a charge of unlawfully possessing said whisky. The evi-

dence further shows that thereafter the officers of the law observed that there was an unusual number of visitors at said dwelling and that on the night upon which this search warrant was served the officers found the back door locked and demanded that it be opened, and that when it was opened by said Howe and he observed the officers he called to his wife to "dump it"; that the officers upon entering found evidence that a quantity of whisky had been dumped; that they salvaged a part of it, which was tested and introduced in evidence; that they found in one room of the house three people with glasses on a table before them, and in another room four or more young men, some of whom were minors, with glasses on a table before them, and that the group in one room was unacquainted with the group in the other room, and that they had all been there for some time, and said Howe admitted that he had served all of them with beer, a large quantity of which was seized and upon analysis proved to contain almost 5% of alcohol, and the officers also found a small keg of wine, which said Howe admitted he made but which was not tested for alcoholic content. The evidence further shows that during the search, other people drove into the yard, but upon learning what was going on, did not tarry.

It is true that said Howe denied that he had any whisky or that any whisky was dumped, and that he testified that he manufactured said beer and said wine for his own use and that he did not sell any of it to his guests that evening or at any other time, but it is significant that Howe also testified that the boys he did not know were "vouched for" by one he did know and that he took the precaution to ask them if they were all of age. When all of the evidence shown by the record is considered, it is apparent that the court was fully warranted and justified in finding that said dwelling house was not a bona fide private residence because it was being used for the purpose of trafficking in intoxicating liquor.

Even if the making of said motion after the trial had begun and the attorneys had "stated their respective claims to the court and the evidence by which they expected to sustain the same" can be said to have been seasonably made, we are clearly of the opinion that there was no error in the court's refusal to grant said motion for any of the reasons urged at the time said motion was passed upon.

For the first time in this case there is urged in this court another claimed defect in the issuance of said search warrant. It is now claimed that said search warrant was issued by the clerk without the matter of issuing it having been submitted to the judge of the Court of Common Pleas or any order having been made by such judge ordering the issuance of the search warrant, and it is claimed that as the law now is and was at, the time said search warrant was issued, the clerk was not authorized to issue a search warrant upon the mere filing of an affidavit therefor without any action being taken in reference thereto by the judge.

Under the statute as it read when the case of **Rosanski v State, 106 Oh St 442,** was decided, it was held that the issuance of a search warrant was a ministerial act and that the clerk of courts was authorized to issue the same upon the filing of an affidavit without submitting the same to the judge or obtaining an order of the judge in reference thereto. After that decision the statute (now §13430-3 GC), and another statute (now §13432-8 GC), referred to in the opinion and relied upon as a basis for said decision, were amended by the legislature in such a manner as to clearly indicate an intention to make the determination of when and under what circumstances a search warrant should be issued a judicial act and place upon the judge rather than upon the clerk the duty of determining whether there is probable cause for the issuance of a search warrant.

But as has been said, in the case at bar the question was not raised or submitted to the judge upon said motion as to whether the clerk had authority to issue a search warrant without an order to do so from the judge, and no proof was made that the search warrant was issued by the clerk without an order from the judge to do so, nor was the judge asked to take judicial notice as to what had been done in reference to the issuance of said search warrant, and during the trial of the case no evidence was offered on that subject.

We think it is too late to raise that question for the first time in this court. A defendant who thinks himself wronged by a seizure of property belonging to him, which he expects will be used against him later as evidence on a criminal charge, must seasonably apply to the court for a return of the property, so that the issue of the legality of the seizure can be determined in accordance with law and in an orderly manner before the trial of the criminal case; and in such application he should set forth, so that they may be tried in that proceeding, all of his claims of illegality, and a claim not then made cannot be rais-

ed for the first time in a reviewing court.

While the question of whether or not the judgment in this case is manifestly against the weight of the evidence is not urged, we have read the entire record, and find that the trial judge was justified in finding that said Howe's dwelling was not a bona fide residence within the meaning of the liquor laws of Ohio, and that said Howe was guilty of unlawful possession of intoxicating liquor as charged in the affidavit upon which he was tried.

Finding no prejudicial error in the record, the judgment is affirmed.

PARDEE, PJ, and FUNK, J, concur.