## HORNACK v LAKEWOOD (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11452. Decided June 29, 1931

Norman A. Ryan, Stephen Gobozy and Henry S. Brainard, all of Cleveland, Amica Curiae.

Louis Fernberg and Leo Weil, both of Cleveland, for Hornack.

Carl B. Webster, Lakewood, for City.

WEYGANDT, J.

The first requires no further comment than that in the unanimous opinion of this court the record shows the property searched was not a bona fide private residence. In the recent case of City of Cleveland v Nagle, No. 22661, the Supreme Court of Ohio cited and approved **Giano v State, 105 Oh St 229,** Rosanski v State, 106 Oh St 442, and State v Sabo, 108 Oh St 200, each of which is authority to the effect that a search warrant is unnecessary in such instances.

In conformity with the request of counsel the second contention of defendant in error will be discussed at some length.

Before commenting upon the wording of the amended statute in question, it should be noted that by the great weight of general authority the issuance of warrants, whether for search or for arrest, is regarded as a ministerial act. In 5 Ruling Case Law 626, under the subject of "Clerks of Court" appears the following:

"The courts uniformly hold that the office of clerk of a court of justice is ministerial and that it includes no judicial authority, except by constitutional or legislative provision. There is some conflict of opinion as to the judicial or ministerial nature of certain specific duties of a clerk of court; but if his official duty is prescribed by law, then his action in performance of that duty is ministerial."

In 3 **Ohio Jurisprudence, 150,** under the subject of "Arrest" appears the statement that "the issuance of a warrant is a ministerial act, and may be compelled by mandamus."

Then in **7 Ohio Jurisprudence, 676,** is the following statement as to the powers and duties of Clerks of Court:

"Clerks of Courts are given general power and it is their duty to issue writs and processes for persons who have filed precipes with the clerk. This is true of the issuance of summons, writs of execution, warrants of arrest and search warrants."

Also in the case of **McGannon v State, 37 O. C. C. 245, 23 C. C. (N.S.) 301,** the Court of Appeals of this county used the following sentences in the syllabi:

"When an official duty does not belong inherently to the office but may be devolved upon some other officer to perform, it is ministerial and its performance may be required by mandamus. The duty assigned by statute to a Municipal Court judge of issuing warrants, where the complaint and affidavits are sufficient, is ministerial, and one which may be controlled by judicial power, and mandamus lies to compel the issuing of such warrants."

This decision was affirmed by the Supreme Court.

Then, too, in the Rossanski case, supra, the opinion contains the general statement that the issuance of warrants, whether for search or for arrest, is a ministerial act.

It should next be noted that there are two statutes that relate specifically to the powers and duties of the clerk who issued the warrant in the instant case. The older one is §4594 GC as follows:

"Powers of the Clerk—When an affidavit is filed with him for a peace warrant, search warrant, or charging any person with the commission of an offense, the clerk of the police court shall have power to issue a warrant under the seal of such court to arrest the accused or search the place prescribed."

This, of course, relates to clerks of police courts, but it is obvious that the Lakewood Municipal Court is the police court of that city. Then there is the more recent §1579-940, GC, which is a part of the act establishing that court. This definitely empowers the clerk of that court to issue and sign all writs, processes and papers, and vests in him all the authority of police clerks. It reads:

"Powers of duties of Clerk—The clerk shall have such power and perform such duties as are herein provided and shall perform such further duties as may be directed and required by the court. The clerk shall have general power to administer oaths and take affidavits and to issue executions upon judgments, including executions for unpaid costs; the clerk shall have power to issue and sign all writs, processes and papers issuing out of such court, to attach the seal of the court thereto; to approve all bonds, recognizances, and undertakings required or fixed by any judge of the court or by law in civil cases, except as herein otherwise provided; he shall file and safely keep all journals, records, books and papers belonging or appertaining to the court, including all records of its proceedings, and he shall perform all other duties

which the judges of said court shall by rule of court prescribe. He shall pay over to the proper parties all moneys received by him as clerk; he shall receive and collect all costs, fees, fines and penalties, and shall pay the same monthly into the treasury of the City of Lakewood and take receipt therefor, except as otherwise provided by law; but money deposited as security for costs shall be retained by him pending litigation, he shall keep a book showing all receipts and disbursements, which shall be open for public inspection at all times. He shall succeed to and have all the powers and perform all the duties of police clerks, except as hereinafter otherwise provided."

If these were the only statutes involved there could be no question as to the right of the clerk to issue all warrants. But it is the contention of plaintiff in error that these sections are limited by §6212-16, §6212-27 and §13430-3. Sec. 6212-16 reads in part as follows:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor, intended for use in violation of law or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue and proceedings had thereunder, as provided in §13482 to §13488, GC, inclusive, so far as the same may apply * * *."

The last paragraph of §6212-27 GC reads:

"Provided that nothing in this act shall be construed to permit any person to enter or search, with or without a warrant, a bona fide private residence as herein defined; nor shall a search warrant issue to search any other premises not a bona fide private residence, except in accordance with the provisions of law as found in §13482 to §13488 GC inclusive, so far as the same may apply."

Under a hypertechnical construction something might be said for the contention that the last sentence in each of the foregoing sections is no longer of any significance whatsoever, inasmuch as §13482 to 13488 GC, inclusive, have been repealed, and the code now contains no such numbered sections. But, assuming, for the purpose of discussion, that by implication the newly enacted §13430-3 GC should now be considered in connection with §6212-16 and §6212-27, it must be kept in mind that this should be done only "so far as the same may apply"—whatever that may mean. But even when this language is given the construction most favorably to plaintiff in error it will be manifest that the ultimate conclusion in this case must nevertheless be the same as that reached by the Supreme Court in the Rosanski case, supra, when §13483 GC was still in effect.

For the purpose of comparison §13430-3 GC is here set out with the new wording underlined and with the omitted language of §13483 in parenthesis:

"A warrant for search shall not be issued until there is filed with the **judge or** magistrate, an affidavit particularly describing the houses or places to be searched, the person to be seized, if any, (and) the things to be searched for **and seized,** and alleging substantially the offense in relation thereto, and that (affiant) **the complainant** believes and has good cause to believe that such things are there concealed, **and he shall state the facts upon which such belief is based. The judge or magistrate shall have authority to demand other and further evidence before issuing such warrant."**

Plaintiff in error contends that the insertion of the words "judge or" indicate a clear intention to make the issuance of a search warrant a judicial act. This contention completely ignores the simultaneously enacted §13422-1 GC which reads:

"For the purpose of this title, the word 'magistrate' shall be held to include justices of the peace, police judges, or justices, mayors of municipal corporations and judges of other courts inferior to the Court of Common Pleas."

This clearly makes the terms "judge" and "magistrate" synonymous as far as they relate to courts inferior to the Court of Common Pleas. Obviously then, so far as the Lakewood Municipal Court is concerned, the insertion of the words "judge or" adds nothing to the language of §13483 GC as it stood at the time of the Rosanski decision when the Supreme Court used the following language:

"The preliminary requirements for the issuance of a search warrant for the seizure of intoxicating liquors or property designed for the manufacture of intoxicating liquors are defined in §13483, GC, and §4594 GC, and a warrant may lawfully be issued upon filing an affidavit with a magistrate particularly describing the house or place to be searched, the person to be seized and the things to be searched for, and alleging substantially the offense in relation thereto and that affiant believes and has good cause

to believe that such things are there concealed, without any supporting testimony of the truth of such affidavit and without any finding of probable cause on the part of the magistrate. Upon the filing of such affidavit with a magistrate or with the clerk of any court having a lawful clerk, such warrant shall issue as a matter of right and the issuance of such search warrant is a ministerial act."

Plaintiff in error also relies strongly upon the last sentence of §13430-3 GC. However, this merely provides that "the judge or magistrate shall have authority to demand other and further evidence before issuing such warrant." This certainly does not compel a judge or magistrate to demand other and further evidence before issuing a warrant; plainly it does nothing but give him authority so to do, and makes no mention of placing any limitation whatsoever upon the authority of a clerk. But, conceding further, merely for the purpose of discussion, that §13430-3 GC is, by implication, in conflict with §4595 and §1579-940, GC, how can it logically be contended that a single general statute merely conferring upon a judge or magistrate this authority to demand evidence and issue a warrant is by inference to be so construed as to effect a partial repeal of the two specific sections, thereby divesting the clerk of the definite power and duty expressly conferred upon him—especially in view of the fact that the later statute makes no reference whatsoever to either of the two earlier ones? Such a construction manifestly does the gravest violence to the time honored rule that a statute general and uncertain in its nature and application will not be construed in derogation of another that is specific and definite. It should be remembered too, that repeals by implication are not favored by the law, and that judicial legislation is in equal disfavor.

It is worthy of comment that plaintiff in error concedes the power of a clerk of court, under §13432-8 and §13432-9, GC, to issue a warrant for arrest without first submitting to a judge or magistrate the question of probable cause. The import of this is that she is asking this court to take the obviously incongruous and wholly untenable position that the issuance of a warrant for the arrest of an individual's person is of less importance and attended with less formality than the issuance of a warrant for the search of his property.

Plaintiff in error places great reliance upon the case of Howe v State, 9 Abs 691, decided April 10, 1931. Another case cited is that of Veal v State, 32 C. C. A. 281. It should be noticed that both of these cases were decided by the same Court of Appeals; one came before the enactment of §13430-3, and the other came afterward. It should be observed further that the statements relied upon in each case are obiter dictum. Then, too, the Veal case was decided in March 1922, and its obiter over-ruled by the Supreme Court in the Rosanski case, supra, in December, 1922. Furthermore, the procedure in the Howe case related to a Court of Common Pleas and not a Municipal Court.

In view of the foregoing the judgment of the Municipal Court of the City of Lakewood must be affirmed.

LEVINE, PJ, and VICKERY, J, concur.