STATE, ex rel. FOCKE, Relator, v. PRICE, Chief, Dayton Police
Department, Respondent.

Ohio Appeals, Second District, Montgomery County.

No. 2348.   Decided November 17, 1955.

Joseph W. Sharts, Otterbein Creager, Dayton, for relator.
Herbert S. Beane, Law Director, Arthur O. Fisher, Asst. Pros., William
P. Keane, Pros., City Atty's. Office, Dayton, for respondent.

(COLLIER, J, of the Fourth District, sitting by designation in the
Second District.)

**OPINION**

By MILLER, J.:
This is an action in habeas corpus wherein the relator alleges that
he is being unlawfully restrained of his liberty for the reason that the
warrant upon which he was arrested was not issued in accordance
with law.

The record reveals that the relator was arrested upon an affidavit
sworn to by George Wartzbaugh, an investigator of the City Income Tax
Department for the City of Dayton, charging him with a misdemeanor
under Section 13 of Ordinance No. 13922 in that he refused to permit a

duly authorized agent of the Superintendent of Taxation of said City to examine the books, records and papers of the relator for the purpose of ascertaining whether or not there was any tax due; that said affidavit was sworn to before one V. Richards, a deputy clerk of the Municipal Court of said City, who thereupon issued a warrant for the arrest of the relator upon the filing of said affidavit in the Municipal Court.

The record reveals further that the relator is now being restrained of his liberty by virtue of the arrest under said warrant.

The question presented is whether the deputy clerk had authority to issue the warrant, or may such writ be issued only by the clerk of said court? **Sec. 2935.10 R. C.,** provides:

"Any judge or clerk of a court of record, or of any municipal court, or any magistrate, may issue process for the arrest of a person charged with an offense returnable in the court having jurisdiction thereof."

The power of the clerk is also defined in the Uniform Municipal Act, to-wit: **Sec. 1901.31, Section (E) R. C.:**

"The clerk of a municipal court shall have * * * power to issue and sign all writs, process, subpoenas issuing out of the court * * *."

The duties of a deputy clerk of such court are defined by section (H) of the above statute, to-wit:

"* * * Each deputy clerk shall take an oath of office before entering upon the duties of his office, and when so qualified, may perform the duties appertaining to the office of the clerk. * * *."

The law defining when a warrant may issue is set forth in §2935.11 **R. C.,** to-wit:

"When an affidavit charging a person with the commission of an offense is filed with a judge, clerk, or magistrate, if he has reasonable ground to believe that the offense charged has been committed, he shall issue a warrant for the arrest of the accused."

Counsel for the relator urges that under §1901.31 **R. C.,** the clerk has the **power** to issue the warrant and that §2935.11 **R. C.,** requires that in exercising such **power** he must determine if reasonable grounds exist to believe that the offense charged has been committed. It is the contention of the relator that the power conferred upon the clerk requires an act of discretion which may not be delegated to a deputy. But we find that the Ohio authorities do not support the conclusion that such power is discretionary. It is said in **5 O. Jur. (2d) 27, Section 12,** that the issuance of a warrant is a ministerial act, which may be compelled by mandamus. Citing **Hornack v. State, 39 Oh Ap 203,** 177 N. E. 244, and **State, ex rel. Goodman v. Redding, 87 Oh St 388,** 101 N. E. 275. In the Hornack case, supra, the court held that even in the issuing of a search warrant a ministerial act is involved, and a finding of probable cause by a judge or magistrate is not required. It is interesting to note that the opinion in this case was written by Judge Weygandt, who stated on page 205:

"Before commenting upon the wording of the newly-enacted statute in question, it should be noted that by the great weight of general authority the issuance of warrants, whether for search or for arrest, is regarded as a ministerial act. In 5 Ruling Case Law, 626, under the subject of 'Clerks of Courts,' appears the following:

" "The courts uniformly hold that the office of clerk of a court of justice is ministerial, and that it includes no judicial authority except by constitutional or legislative provision. There is some conflict of opinion as to the judicial or ministerial nature of certain specific duties of a clerk of court; but if his official duty is prescribed by law, then his action in performance of that duty is ministerial.' "

And at page 206:

" 'When an official duty does not belong inherently to the office itself, but may be devolved upon some other officer to perform, it is ministerial and its performance may be required by mandamus.

" 'The duty assigned by statute to a municipal court judge of issuing warrants, where the complaint and affidavits are sufficient, is ministerial and one which may be controlled by judicial power, and mandamus lies to compel the issuing of such warrants.'

"Then, too, in the Rosanski case, supra, the opinion contains the general statement that the issuance of warrants, whether for search or for arrest, is a ministerial act."

It should also be noted that §2935.10 R. C., provides that any clerk of a court of record, or municipal court, may issue process for the arrest of a person charged with an offense. The word "power" is not found in this section as in §1901.31 R. C., which relator relies upon. This section clearly indicates that no discretion is required to be exercised by the clerk for the issuing of a warrant, but that it is a duty imposed upon the clerk.

Relator cites the case of **Nicholas v. Cleveland, 125 Oh St 474,** but this case is not parallel with the case at bar for it involved a search warrant issued by a deputy clerk when the statute did not give such power to the clerk. **Sec. 13430-3 GC,** then provided:

"A warrant for search shall not be issued until there is filed with the judge or magistrate, an affidavit. * * *."

It will be noted that under this section no provision is made for filing the affidavit with the clerk. In holding that the clerk had no power to issue the warrant, the court stated, at page 479: "The clerk is merely a ministerial officer; his function is to carry out the orders of the judge."

It therefore appears to this Court that the arrest of the relator was lawful. When such facts appear a discharge from custody by a writ of habeas corpus can not be allowed. **In re Burson, 152 Oh St 375:**

"Where a person restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, a discharge from custody by the writ of habeas corpus will not be allowed. Such person has an adequate remedy at law by way of review on appeal."

See also §2725.05 R. C.

We are therefore of the opinion that the writ may not be allowed.

HORNBECK and COLLIER, JJ, concur.