THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. C-860246 — Decided January 30, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Raymond Groneman* and *Judith A. Mullen,* for appellee.

*Stephen E. Kurlansky,* for appellant.

DOAN, J. On September 11, 1985, appellant, Carol E. Johnson, was present at the traffic arraignment docket of the Hamilton County Municipal Court. A referee was presiding over the session. Appellant was seated at

the rear of the courtroom. When the prisoners were brought into the courtroom, appellant approached the court officers and identified one of the prisoners as her son. Appellant began to speak in a loud voice, interrupting the court proceedings. The referee twice requested that appellant sit down. Appellant responded with curses. At that point, the referee ordered appellant arrested for contempt of court. Appellant was taken into custody and transported to the intake department of the Hamilton County Sheriff's office. Upon searching appellant's purse, a deputy sheriff found a loaded .32 caliber revolver.

Appellant was charged with carrying a concealed weapon, in violation of R.C. 2923.12. Prior to trial, appellant filed a motion to suppress the firearm, which the trial court overruled. Following a bench trial, appellant was found guilty and sentenced as appears of record. Appellant timely appealed.

Appellant's sole assignment of error alleges:

"The trial court erred to the prejudice of the defendant-appellant in overruling her motion to suppress the evidence of the weapon as having been obtained from an illegal search."

Appellant argues that her arrest was illegal as the referee had no authority to order appellant's arrest for contempt. Therefore, appellant argues, any evidence seized during the search subsequent to the arrest is inadmissible.

R.C. 1901.13 provides in pertinent part:

"In any action or proceeding of which a municipal court has jurisdiction, the court or any judge thereof has power:

"(A) To issue process, preserve order, and punish contempts, summon and impanel jurors, refer matters to a referee, * * * and to exercise such other powers as are necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, or decrees[.]"

Under R.C. 2705.01, a municipal court has the power to "punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Further, R.C. 1901.13 authorizes a municipal court to refer matters to a referee.

M.C. Sup. R. 4(A) states that a municipal court having more than two judges shall appoint a referee to hear, *inter alia,* traffic proceedings in which there is a guilty plea or written waiver by the defendant of the right to trial by a judge. M.C. Sup. R. 4(B) provides:

"Referees shall have the qualifications specified in Civil Rule 53 and Traffic Rule 14. In civil matters referees shall act pursuant to Civil Rule 53 and in traffic matters pursuant to Traffic Rule 14."

Traf. R. 14 provides that a court may appoint a referee for the purposes of receiving pleas, statements in explanation and in mitigation of sentence and of recommending the penalty to be imposed. In addition, Traf. R. 14 authorizes a court to refer contested cases to a referee to take evidence and issue written findings of fact and recommendations to the court. We find nothing in Traf. R. 14, or in any of the other Traffic Rules, regarding the power of a referee to order the arrest of someone for contempt of court. Therefore, pursuant to Traf. R. 20, we have examined the Criminal Rules, which we find are also silent on the issue *sub judice.*

Crim. R. 57(B) states that if no procedure is specifically prescribed in the Criminal Rules, the court shall look to the Rules of Civil Procedure. We conclude that, absent any provision in the Criminal or Traffic Rules, Civ. R. 53(C) applies to referees in traffic cases. See *State* v. *Crandall* (1983), 9

Ohio App. 3d 291, 9 OBR 538, 460 N.E. 2d 296. Civ. R. 53(C) provides:

"The order of reference to a referee may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts or to receive and report evidence only and may fix the time and place for beginning and closing the hearings and for the filing of his report. *Subject to the specifications and limitations stated in the order, the referee has and shall exercise the power to regulate all proceedings in every hearing before him as if by the court and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order.* He may summon and compel the attendance of witnesses and may require the production before him of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents and writings applicable thereto. He may rule upon the admissibility of evidence unless otherwise directed by the order of reference and has the authority to put witnesses on oath and may himself examine them and may call the parties to the action and examine them upon oath. When a party so requests and guarantees the costs, and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner as and subject to the same limitations upon a court sitting without a jury." (Emphasis added.)

The order of reference to the referee in the instant case stated:

"Pursuant to Civil Rule 53 of the Rules of Civil Procedure, the Court hereby orders that referees appointed by the Court shall hear in arraignment all particular session traffic cases, including those cases wherein defendants are charged with violation of those sections listed under Traffic Rule 13; all cases pursuant to M.C. Sup. R. 4, except those cases exempted by Civil Rule 53(A); or any criminal, traffic or civil case referred by Judges of the Court either through particular sessions or individual assignment. The referees shall report recommendations as to penalties to be imposed and recommendations as to disposition of default proceedings under Civil Rule 55, forcible entry and detainer proceedings under R. C. Chapter [19]23, small claims proceedings under R.C. Chapter 1925, subject to restrictions imposed pursuant to law. *Referees have and shall exercise the power to regulate all proceedings in every hearing before them as if by the Court and to do all acts and to take all measures necessary [and] proper for the efficient performance of their duties pursuant to this order and pursuant to all qualifications of Civil Rule 53.*

"It is a further order of the Court that referees appointed shall file a report with the Court complying with all aspects of Civil Rule 53(E)." (Emphasis added.)

We conclude, pursuant to the above authorities, that the referee in the case *sub judice* had the authority to order appellant arrested for contempt of court.[1] Appellant persisted in speaking loudly and disrupting the court proceedings after being asked at least twice to sit down quietly. A referee must, of necessity, have the power to control the courtroom to insure that the administration of justice is not

---

[1] We point out that appellant is not challenging any finding of contempt in the instant appeal. This opinion deals only with the authority of the referee to order appellant arrested for contempt of court and not with the validity of any finding of contempt on the part of appellant.

obstructed by behavior such as appellant's. It would be completely illogical to give a referee the authority to hold a hearing, but refuse to give the referee the authority to regulate and control the hearing.

Because we have found that the referee in the instant case had authority to order appellant arrested for contempt of court, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

KEEFE and BLACK, JJ., concur.