[Cite as *Farmer v. State*, 2018-Ohio-3490.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRIAN J. FARMER | : | JUDGES: |
| | : | Hon. John W. Wise P.J. |
| Petitioner | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STATE OF OHIO, MOUNT VERNON | : | Case No. 17CA11 |
| MUNICIPAL COURT | : | |
| | : | |
| RESPONDENT | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Mandamus and
                                 Writ of Prohibition

JUDGMENT:                        Dismissed

DATE OF JUDGMENT:                August 29, 2018

APPEARANCES:

For Petitioner                   For Respondent

BRIAN J. FARMER, Pro Se          P. ROBERT BROEREN, JR.
3859 Martinsburg Road            Law Director
Gambler, OH  43022               BRITTANY WHITTNEY,
                                 Assistant Law Director
                                 5 North Gay Street, Suite 222
                                 Mount Vernon, OH  43050

*Wise, Earle, J.*

{¶ 1}   Brian Farmer has filed a Petition for Writ of Mandamus and/or Prohibition requesting this Court issue a writ of mandamus "ordering the Mt. Vernon Municipal Court to refund all filing fees for appeals cases."  Further, the petition requests an injunction "permanently barring the Mt. Vernon Municipal Court from . . . charging excessive and unreasonable fees."  The Petition also requests a writ of mandamus be issued ordering respondent to provide a transcript to Relator.  This Court granted summary judgment in favor of Respondent as to the claim for mandamus related to the transcript.  Subsequently, we ordered the parties to file briefs in support of their positions relating to the filing fees claim.  Petitioner has filed a brief as ordered.  Respondent did not file a brief but instead filed a second motion to dismiss for failure to state a claim upon which relief may be granted.

## FACTS

{¶ 2}   Relator filed an appeal from the judgment of the Mount Vernon Municipal Court.  He initiated the appeal by filing the notice of appeal with the trial court clerk.  In the petition before us, Relator states, "[T]he [trial court] clerk required him to pay a $125.00 fee for them to file his documents."  Thereafter, he took a docketing statement and notice of appeal to the appellate clerk where he was charged an additional $90.00 to file the appeal.  It is the imposition of the filing fees or costs in the trial court that Relator seeks to have refunded.

## MANDAMUS

{¶ 3}   To be entitled to extraordinary relief in mandamus, [a relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [respondent] to

provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012–Ohio–69, 960 N.E.2d 452, ¶ 6.

{¶ 4}   Respondent has not disputed the facts averred in the petition.  The parties were given an opportunity to present evidence in support of their positions, and none has been provided.  It is unclear to this Court whether the $125.00 in costs imposed by the Mount Vernon Municipal Court Clerk were imposed as a prerequisite to filing the notice of appeal although that appears to be the case based upon our reading of the petition.

{¶ 5}   Local Rule 1(B) of the Fifth District Court of Appeals provides,

Within ten (10) days after filing the notice of appeal or cross-appeal, appellants or cross-appellants shall comply with section (c) of this rule or shall deposit with the Clerk of Court of Appeals of the county in which the appeal is filed the sum of ninety dollars ($90.00) as security for the payment of costs that may accrue in the appeal. Any personal check given for deposit shall be made payable to the Clerk of the Court of Appeals.

This deposit for costs may be made with the clerk of the trial court when the notice of appeal is filed in that court, and any deposit so made shall be forwarded by that clerk to the Clerk of the Court of Appeals along with the copy of the notice of appeals and other papers required by App.R.3(D).

Failure to make this deposit for costs shall not prevent the filing of a notice of appeal in the trial court.

{¶ 6}   The $90.00 deposit required by this Court is a security deposit against costs which may accrue during the appeal.  The deposit is not the same as the actual costs which may be incurred.  The costs may be more or less than the deposit.  Paying the deposit required by this Court is not a prerequisite to filing the notice of appeal.  All litigants in this Court are required to pay the same deposit which is $90.00 within ten days of filing the notice of appeal.

{¶ 7}   In the instant case, the trial court clerk charged court costs in the amount of $125.00 for the appeal.  Respondent has provided this Court with a copy of the "Criminal & Traffic Division Cost Schedule, Mount Vernon Municipal Court."  The Cost Schedule provides a list of costs in the Mount Vernon Municipal Court.  Under "Other Costs," an appeal is listed as $125.00.

{¶ 8}   Respondent directs this Court to Revised Code § 1901.26(A)(1)(a) as authority for assessing the $125.00 appeal court costs.  This section provides, "(A) Subject to division (c) of this section, costs in a municipal court shall be fixed and taxed as follows:

> (1)(a) The municipal court shall require an advance deposit for the filing of any new civil action or proceeding when required by division (C) of this section, and in all other cases, by rule, shall establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding."  R.C. 1901.26.

{¶ 9}   The notice of appeal is required to be filed in the trial court case being appealed.  An appeal is a continuation of the underlying case, therefore, the first portion

of the statute requiring an advance deposit is inapplicable. Rather, the second portion of section 1901.26(A)(1)(a) states, "In all other cases, by rule, shall establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding." This Court can find no statutory guidance for the amount of costs permitted to be imposed by a municipal court. Relator argues he is denied "equal treatment under the law, as other municipal courts (such as the Licking County Municipal Court, also in the 5th District) do not charge a party anything to file a notice of appeal." (Petition, Page 2, Paragraph 2).

{¶ 10} Relator argues he has a clear legal right to have Respondent refund the court costs for the filing of the appeal. Respondent in turn argues it has the statutory authority to charge costs as set by the trial court pursuant to Revised Code Section 1901.26.

{¶ 11} Revised Code Section 1901.26 clearly requires a municipal court to set a schedule of fees. The schedule may include costs for processing an appeal. Because of this statutory authority, the court is permitted to collect a fee for an appeal. We find Relator has no clear legal right, at this time, to have a refund of money he has paid to file this notice of appeal.

{¶ 12} We find the lack of a clear legal right to the requested relief precludes the issuance of a writ of mandamus.

PROHIBITION

{¶ 13} Likewise, "there are three elements necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority to exercise that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 14} As noted above, Revised Code Section 1901.26 authorizes a municipal court to set fees and costs. Mount Vernon Municipal Court has done so. There is clear authority for the court to exercise this judicial power.[1] We therefore hold that a writ of prohibition will not issue.

{¶ 15} Therefore, the motion to dismiss for failure to state a claim upon which relief may be granted is sustained.

By Wise, Earle, J.

Wise, John P.J. concur and

Hoffman, J. concurs in part and dissents in part.

EEW/as

---

[1] We do not address whether a trial court may require the payment of such filing fee as a prerequisite to filing the notice of appeal. That is not the nature of the case before us. Relator paid the fee and filed his notice of appeal.

*Hoffman, P.J., concurring in part and dissenting in part*

{¶16} I concur in the majority's decision to deny Petitioner's request for a writ of mandamus.

{¶17} I recognize Respondent has the clear statutory right to establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding. However, such authority does not grant it authority to require the costs of preparing the trial court record to transfer to the clerk for the court of appeals as a prerequisite to the acceptance for filing of petitioner's notice of appeal.[2]

{¶18} Nevertheless, I concur in the majority's decision to deny Petitioner's request for a writ of mandamus to order those costs refunded. Although I find Respondent improperly required the prepayment of those costs, Petitioner has already paid those costs[3] and, as noted above, those costs are statutorily allowed. Furthermore, in the event Petitioner is successful in his underlying appeal, costs associated with the appeal would normally be assessed against the appellee, and Petitioner would have a right to seek a refund of his appellate costs at that time. Should Petitioner lose his underlying appeal, he still could challenge the reasonableness of any appellate costs assessed for the processing of the appeal in this Court. Accordingly, I agree Petitioner's request for a writ of mandamus should be denied.

{¶19} I respectfully dissent from the majority's decision to deny Petitioner's request for a writ of prohibition.

---

[2] The filing of a notice of appeal with the clerk of the trial court within the required time is mandated by Appellate R.4(A).

[3] To such extent, the mandamus issue is arguably moot.

**{¶20}** This Court has set the amount of the deposit for the filing of an appeal in our local rules at $90.00. Said amount is to be paid to the clerk for the court of appeals, not the trial court clerk. I find no statutory authority for the trial court clerk to require prepayment of the costs it assesses for preparation and transfer of the trial court record to the clerk of this Court. While the trial court clearly can tax those costs and notify this Court's clerk of such costs, it cannot require their prepayment as a condition to accept for filing a notice of appeal. To do so usurps the authority of this Court and contravenes the Appellate Rules.

**{¶21}** I would grant Petitioner's request for a writ of prohibition as such practice will continue in the future unless prohibited.

_____
HON. WILLIAM B. HOFFMAN