[Cite as *State ex rel. Parikh v. Berkowitz*, 2024-Ohio-4686.]

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY


| | | |
|---|---|---|
| STATE EX REL. PAVAN V. PARIKH, HAMILTON COUNTY CLERK OF COURTS, | : | |
| | : | CASE NO. C-240187 |
| Relator/Cross-Respondent, | : | O P I N I O N |
| | : | |
| - vs - | : | |
| | : | |
| THE HON. JOSH BERKOWITZ, et al., JUDGES OF THE HAMILTON COUNTY MUNICIPAL COURT, | : | |
| | : | |
| Respondents/Cross-Relators. | : | |


Original Action in Prohibition; Counterclaim in Mandamus
Judgment of the Court: Writ of Prohibition denied; Writ of Mandamus granted
Date of Judgment Entry on Appeal: September 27, 2024


Strauss Troy Co., L.P.A., and Emily Supinger and Alexa Wainscott, for Relator/Cross-Respondent.

Montgomery Jonson, L.L.P., and Linda L. Woeber, for Respondents/Cross-Relators.

**PIPER, J.**

{¶ 1} This matter is before the Court on the petition for writ of prohibition filed by

Relator, Pavan V. Parikh, Hamilton County Clerk of Courts ("Clerk"), against

Respondents, Hon. Josh Berkowitz, Hon. Bernie Bouchard, Hon. Gwen Bender, Hon. Ted Berry, Hon. Janaya Trotter Bratton, Hon. Jackie Ginocchio, Hon. Donte Johnson, Hon. William Mallory, Hon. Heather Russell, Hon. Brad Greenberg, Hon. Dwane Mallory, Hon. Mike Peck, Hon. Tyrone Yates, and Hon. Samantha Silverstein ("Judges"), of the Hamilton County Municipal Court ("Municipal Court"). The Judges filed a counterclaim requesting a writ of mandamus against the Clerk. The Clerk then filed a Civ.R. 12(B)(6) motion to dismiss the Judges' petition for a writ of mandamus. The Judges also filed a Civ.R. 12(C) motion for judgment on the pleadings. The matter is now ripe for review.

**{¶ 2}** For the reasons that follow, the Clerk's motion to dismiss the Judges' mandamus counterclaim is DENIED, the Judges' motion for judgment on the pleadings is GRANTED. A writ of mandamus is hereby issued against the Clerk and the Clerk is hereby ORDERED to rescind his previously initiated Policy and comply with Administrative Order 23-45.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Clerk's Policy Removed Remote Online Access for Certain Court Records

**{¶ 3}** In May 2022, the Clerk issued a policy ("Policy") eliminating remote online access for court records in residential eviction cases that were older than three years from the date of judgment satisfaction. The Clerk's stated purpose of the Policy was to prevent certain members of the public, being primarily employers and landlords, from potentially relying upon court documents in considering fulfilling employment, housing, and other potential opportunities to individuals. The Clerk emphasized that his policy did not obstruct the public's ability to access court records previously made available for remote

online viewing because access remained available by physically going to the Clerk's office during business hours to request retrieval of the court records.

## B. The Judges Disagreed with The Policy and The Clerk's Website Disclaimer

**{¶ 4}** The Judges learned of the Clerk's unilateral implementation of the Policy from a May 24, 2022 article published in the *Cincinnati Enquirer*. The Judges objected to the Clerk's Policy, concerned that providing online access to only more recent court proceedings may mislead the public, limit transparency, and unnecessarily impinge upon the ease of accessibility. The Judges requested that the Clerk rescind his Policy, which changed the way in which court records had previously been made available.

**{¶ 5}** The Clerk did not rescind the Policy, instead providing the Judges examples of disclaimers used on other clerks' websites. In an attempt to reach a resolution, the Judges proposed that the website include a disclaimer that would "conspicuously inform" the public "that a remote search for eviction records would not include eviction actions that are greater than three years of age." This would notify the public that other court records may exist. However, the Clerk informed the Judges that he would use a different disclaimer as follows:

> Pursuant to Rule 45(C) of the Rules of Superintendence for the Courts of Ohio, a clerk of court is not required to offer remote access to a particular case file or case document. If you believe a case file or particular document exists but is not available online, please visit the Clerk's Office or submit an online request for a copy of the specific record you are attempting to obtain.

The Judges found the disclaimer insufficient to satisfy their concerns, as it leaves the public to guess what documents might exist or be available at the Clerk's office.

**{¶ 6}** On October 10, 2023, the Judges issued Administrative Order No. 23-45, which specifically ordered the Clerk to do all of the following:

- Comply with Local Rule 9.16;

- Comply with Rule of Superintendence 45; and

- Rescind the Clerk's unilaterally initiated Policy.

On October 11, 2023, the Clerk sent a letter to the Judges stating that he would consult with counsel regarding Administrative Order No. 23-45.

**{¶ 7}** In January 2024, the Judges offered to hold a meeting with the Clerk regarding the Policy and Administrative Order 23-45. The Clerk stated that he would not meet without having his retained counsel present. As a result, the Judges also retained counsel.

**{¶ 8}** On March 15, 2024, the Judges, through counsel, informed the Clerk that he could be held in contempt of court for failing to rescind the Policy as ordered in Administrative Order 23-45. The Judges requested that the Clerk comply within 10 days, or by March 25, 2024.

**C. The Clerk and the Judges Each Seek Extraordinary Relief Against the Other**

**{¶ 9}** On March 26, 2024, the Clerk filed a petition for a writ of prohibition against the Judges, requesting that this Court issue a writ of prohibition to prevent the Judges from enforcing Administrative Order 23-45 as well as to prevent the Judges from holding the Clerk in contempt for his noncompliance with Administrative Order 23-45.

**{¶ 10}** The Judges filed an Answer and Counterclaim requesting a writ of mandamus ordering the Clerk to comply fully with Administrative Order 23-45. The Judges state that "[t]he importance of public internet access to [] [c]ourt records in an ever

more technologically dependent society cannot be overstated." The Judges take the position that:

> [r]equiring a citizen to physically visit the courthouse, go through security, and explain to the Clerk's office which documents they believe are not accessible online does not comport with that representation or the goals of openness, transparency of process, and accountability.

The Judges request that this Court grant a writ of mandamus directing the clerk to comply with his statutory duties, Sup.R. 45(A), Local Rule 9.16, and Administrative Order 23-45, and specifically requiring him to rescind his Policy.

### D. The Parties Seek Judgment as a Matter of Law on Their Respective Claims

{¶ 11} The Judges moved for judgment on the pleadings regarding the Clerk's prohibition claim, asserting that the Clerk cannot establish any of the mandatory elements of a prohibition claim. The Judges argue that they do not patently and unambiguously lack jurisdiction to direct the Clerk's operations as they relate to the duties affecting the Municipal Court's records. The Judges argue that they possess "inherent powers to effectuate an orderly and efficient administration of justice." The Judges allege that Administrative Order 23-45 is reasonable, lawful, and enforceable by contempt, even though the Clerk is a separately elected public official. The Judges claim they have subject-matter jurisdiction over the administration of the Municipal Court's records and the public availability of those court records, citing the Municipal Court's inherent authority and R.C. Ch. 1901. The Judges assert that the Clerk had an adequate remedy at law through an appeal following any contempt finding.

{¶ 12} The Clerk moved to dismiss the Judges' counterclaim for mandamus pursuant to Civ.R. 12(B)(6), arguing that the Judges cannot establish any of the required

- 5 -

elements. The Clerk asserts that R.C. 1901.31 does not impose any clear duty on the Clerk to provide remote access to any case document. The Clerk likewise argues the Judges have no clear legal right to issue and enforce Administrative Order 23-45 because, as statutorily created courts, municipal courts only have the clear legal rights afforded to them by statute. According to the Clerk, "inherent authority" cannot be the source of a clear legal right for the Judges. The Clerk characterizes this matter as an "inter-office dispute" rather than something internal to the Municipal Court's basic functioning. The Clerk argues that the Judges have an adequate remedy at law, namely, to hold the Clerk in contempt. The Clerk asserts that any expense and inconvenience would not render contempt an ineffective remedy at law for the Judges.

{¶ 13} The Clerk also alleges that the Judges' requested relief is moot because the Clerk is "largely in compliance with the substance of Administrative Order No. 23-45." The Clerk claims that Sup.R. 45 and Local Rule 9.16 of the Hamilton County Municipal Court provide that the Clerk may provide remote access to certain enumerated classes of court records but does not require that the Clerk provide remote access to court records as directed by the Judges.

## II. LAW AND ANALYSIS

### A. Petitions for Writs Are Civil Actions, Governed by the Civil Rules

{¶ 14} A petition seeking an original writ is a civil action. *See* Civ.R. 1(A) and (C). Thus, it may be resolved on pretrial motions pursuant to the Rules of Civil Procedure such as a Civ.R. 12(B)(6) or (C) motion. *State ex rel. Denton v. Bedinghaus*, 2002-Ohio-3273 (1st Dist.); *Barge v. City of St. Bernard*, 2011-Ohio-3573, ¶ 7 (1st Dist.); *State ex rel. Hilltop Basic Resources, Inc. v. City of Cincinnati*, 2005-Ohio-6817, ¶ 9-10 (1st Dist.).

**B. Motion to Dismiss 12(B)(6) Standard Applies, Tests Pleading Sufficiency**

{¶ 15} The Ohio Rules of Civil Procedure authorize dismissal of a pleading for "failure to state a claim upon which relief can be granted." Civ.R. 12(B)(6). Such a motion tests only the legal sufficiency of the complaint. *Centennial Plaza III Inv., LLC v. Centennial Plaza Inv., LLC*, 2016-Ohio-273, ¶ 15. For a court to dismiss on this basis, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Id.*

{¶ 16} The relator must plead facts satisfying all elements of mandamus to withstand a motion to dismiss. *State ex rel. Iacovone v. Kaminski*, 1998-Ohio-304; *State ex rel. Clark v. Lile,* 1997-Ohio-124. In construing a complaint upon a Civ.R. 12(B)(6) motion, this Court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

**C. Judgment on the Pleadings Civ.R. 12(C) Standard Applies; Tests the Pleadings**

{¶ 17} Similar to a Civ.R. 12(B)(6) motion, a motion for judgment on the pleadings made under Civ.R. 12(C) tests the sufficiency of the claims pled in light of all of the information averred in or attached to all of the initial pleadings. Civ.R. 12(C). When deciding a Civ.R. 12(C) motion, a court reviews only the allegations in the pleadings and any writings attached to the pleadings. *White v. King*, 2014-Ohio-3896, ¶ 16 (5th Dist.); *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165 (1973). Judgment on the pleadings is appropriate when, after construing all the material allegations in the complaint, along with all reasonable inferences therefrom in favor of the nonmoving party, the court finds that

the party can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontius*, 1996-Ohio-459.

### D. The Clerk Does Not Meet the Civ.R. 12(C) Standard in his Prohibition Claim

{¶ 18} The Judges' Motion for Judgment on the Pleadings on the Clerk's prohibition claim is granted because the Clerk cannot meet all of the required elements as a matter of law.

{¶ 19} Prohibition is an extraordinary writ issued to prevent a court or other entity from usurping or exercising judicial power or judicial functions which have not been conferred upon it by law. *State ex rel. Daily Reporter v. Court of Common Pleas of Franklin Cty.*, 56 Ohio St.3d 145, 145 (1990); *State ex rel. Plain Dealer Publishing Co. v. Floyd*, 2006-Ohio-4437, ¶ 26; *State ex rel. Dispatch Printing Co. v. Geer*, 2007-Ohio-4643, ¶ 14, 20.

{¶ 20} A writ of prohibition will not lie unless the exercise of power is unauthorized by law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. Prohibition is "a high prerogative writ to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary, and adequate remedy." *State ex rel. Stark v. Summit Cty. Court of Common Pleas*, 31 Ohio St.3d 324, 325 (1987).

{¶ 21} A writ of prohibition is not a correctional remedy. *State ex rel. Henneke v. Davis*, 25 Ohio St.3d 23, 25 (1986). Prohibition will not be issued to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. *Helfrich v. Ward*, 2020-Ohio-3336, ¶ 13 (5th Dist.), citing *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950).

**{¶ 22}** Three elements are necessary for a writ of prohibition:

(1) the exercise of judicial power[1];
(2) the lack of authority to exercise that power; and
(3) the lack of an adequate remedy in the ordinary course of law.

*State ex rel. Elder v. Camplese* at ¶ 13. If the lack of authority is patent and unambiguous, a petitioner need not establish the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15. A party seeking a writ of prohibition has the burden to prove his entitlement to extraordinary relief by clear and convincing evidence. *State ex rel. Federle v. Warren Cty. Bd. of Elections*, 2019-Ohio-849, ¶ 10.

1) <u>The Clerk failed to show that the Judges acted without authority</u>

**{¶ 23}** The Clerk has failed to demonstrate that the Judges patently and unambiguously lacked authority to hold him in contempt for failing to comply with Administrative Order 23-45.

**{¶ 24}** To determine if a statutorily created court, like the Municipal Court, lacked jurisdiction or authority to act, the analysis must consider whether the General Assembly empowered the tribunal to proceed. *State ex rel. Fiser v. Kolesar*, 2020-Ohio-5483, ¶ 20. A municipal court is a statutory creation with only limited jurisdiction and may exercise only such powers as are directly conferred by legislative action. *Id.*, citing *State ex rel. Johnson v. Perry Cty. Court*, 25 Ohio St.3d 53, 54 (1986). A municipal court's

---

1. The Judges have conceded that they exercised judicial power by issuing Administrative Order 23-45 and threatening the Clerk with contempt. Having conducted its own analysis de novo, this Court agrees that the Judges exercised judicial power, as only courts have the ability to hold individuals in contempt of court.

statutory authority is narrowly construed. *State ex rel. Finley v. Miller*, 128 Ohio St. 442, 443 (1934); *Strongsville v. Waiwood*, 62 Ohio App.3d 521, 526 (8th Dist. 1989).

**{¶ 25}** R.C. 1901.14(A)(2)-(3) allows municipal courts "[t]o adopt, publish, and revise rules relating to the administration of the court." Municipal courts also have statutory and inherent authority to punish contempt. R.C. 1901.13(A)(1); *In re Sherlock*, 37 Ohio App.3d 204 (2d Dist. 1987). Under R.C. 2705.01, a municipal court has the power to "punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." *State v. Johnson*, 34 Ohio App.3d 373 (1st Dist. 1987).

**{¶ 26}** A relator was not entitled to a writ of prohibition where a municipal court set fees and costs because R.C. 1901.26 gives municipal courts judicial power to do so. *Farmer v. State*, 2018-Ohio-3490, ¶ 13-14 (5th Dist.). Where there was no statute precluding a judge from taking the challenged action, the judge did not act patently and unambiguously without jurisdiction. *Helfrich*, 2020-Ohio-336 at ¶ 23.

**{¶ 27}** Here, the Judges cannot be said to patently and unambiguously lack jurisdiction. Like in *Farmer* and *Helfrich*, the Judges have the statutory power to issue certain administrative orders and to enforce their orders via contempt. Since the law vests the Judges with the power to make administrative orders and hold noncomplying individuals in contempt, it cannot be said that the Judges patently and unambiguously acted without authority.

2) <u>The Clerk has at least one adequate remedy at law</u>

**{¶ 28}** The Clerk has failed to demonstrate that he lacks an adequate remedy at law, either in the form of an appeal from any decision holding him in contempt for failing

- 10 -

to comply with Administrative Order 23-45 or from filing a declaratory judgment action to determine the respective rights and duties of the parties. Absent a patent and unambiguous lack of authority, for an extraordinary writ to issue, a relator must show that no other adequate remedy at law exists. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628 at ¶ 13.

{¶ 29} Appealing a contempt order is an adequate remedy at law for the contemnor that will result in denial of the requested writ. *State ex rel. Mason v. Burnside*, 2007-Ohio-6754, ¶ 15 (internal citation omitted); *State ex rel. Simpson v. Melnick*, 2023-Ohio-3864, ¶ 10. Without more, the delay caused by an appeal does not make that appeal an inadequate remedy. *State ex rel. Sponaugle v. Hein*, 2018-Ohio-3155, ¶ 29 (internal citations omitted). See also *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626, 1996-Ohio-267 ("contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit").

{¶ 30} The pleadings and their attachments demonstrate that the Clerk has an adequate remedy at law and that the Judges are entitled to judgment on the pleadings on the Clerk's prohibition claim. We make this determination construing the pleadings and attachments in the light most favorable to the Clerk.

### E. The Judges Have Sufficiently Pled Their Mandamus Counterclaim

{¶ 31} The Clerk's Motion to Dismiss the Judges' counterclaim in mandamus is denied because the Judges have met all of the required elements of their mandamus claim as a matter of law.

{¶ 32} To obtain a writ of mandamus, the relator must show:

(1) the relator has a clear legal right to the requested relief;

- 11 -

(2) the respondent has a clear legal duty to perform the requested relief; and
(3) there must be no adequate remedy at law.

*State ex rel. Foster*, 2023-Ohio-908, ¶ 10 (1st Dist.), citing *State ex rel. Newell v. Gaul*, 2012-Ohio-4068, ¶ 9 (8th Dist.).

{¶ 33} Like with a prohibition action, to prevail in a mandamus action, the relator must prove these elements by clear and convincing evidence. *State ex rel. Ware v. Crawford*, 2022-Ohio-295, ¶ 14. "Clear and convincing evidence" is a degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14. A writ of mandamus is not granted by right. Its issuance rests in the sound discretion of the court. *State ex rel. Mettler v. Stratton*, 139 Ohio St. 86 (1941), paragraph one of the syllabus. The Ohio Supreme Court will review the denial of a writ of mandamus for abuse of that discretion. *State ex rel. Paluch v. Zita*, 2014-Ohio-4529, ¶ 9.

1) <u>The Judges have shown a clear legal right to order the Clerk to restore remote online access and rescind the Policy</u>

{¶ 34} The Judges have shown that they have a clear legal right to order the Clerk to restore the remote online access of court records in accordance with Administrative Order 23-45, which necessarily includes rescinding the Clerk's Policy impinging upon the Judges' administration of their records to be made available to the public.

{¶ 35} For mandamus to lie, the right "'must be specific, definite, clear, and unequivocal.'" *State ex rel. Lanter*, 2020-Ohio-4973, ¶ 20 (1st Dist.) (internal citation

omitted). *See also State ex rel. Manley*, 2014-Ohio-4563, ¶ 27 (mandamus appropriate "where the right is clear, and does not depend upon complication of disputed facts").

{¶ 36} Here, the Judges have the clear legal right to prevent the Clerk from usurping a judicial power conferred specifically and exclusively on the Judges. This case is not truly about the Clerk's decision to *initially* provide remote online access in eviction cases, but rather about the Clerk's desire to *restrict* remote online access to entire judicial proceedings on the premise that he was protecting litigants (who had not requested any such protection). Yet, the Judges possess the sole authority to restrict public access to court records, as is part of their inherent authority as well as provided by Sup.R. 45(E).

{¶ 37} Under Sup.R. 45(E), "[a]ny party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document."

{¶ 38} Courts, not clerks, have the authority to weigh if and when an individual's right to privacy outweighs the strong presumption of public access of court records:

> **Any party** to a judicial action or proceeding or other person who is the subject of information in a case document **may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire documen**t. Additionally, **the court may restrict public access to the information in the case document or, if necessary, the entire document upon its own or**der. The court shall give notice of the motion or order to all parties in the case.

Sup.R. 45(E)(1)(Bold emphasis added.). When an interested party makes an application to restrict public access, the court, but not the Clerk, is vested with the authority to balance

- 13 -

the competing interests of the individual's privacy and the public's right to access court records.

**{¶ 39}** Importantly, courts have long had inherent authority to seal some or all of the documents in civil cases. *Schussheim v. Schussheim*, 2013-Ohio-4529, ¶ 16. Courts have this power because "every court ultimately has supervisory power over its own records and files." *Capital One Bank United States, N.A. v. Essex*, 2014-Ohio-4247, ¶ 12 (2d Dist.). Sup.R. 45(E) expands upon courts' inherent authority to balance the competing interests of public access and constitutional privacy. In the civil context, Ohio courts possess this limited inherent authority to seal records, whether individual case documents or an entire case, where "unusual and exceptional circumstances" exist, and the interests of the applicant outweigh the legitimate interest of the government to maintain the record.

**{¶ 40}** As discussed above, the Clerk only has the powers conferred upon it by statute and those powers are ministerial, not judicial, in nature. Nothing in Sup.R. 44-47, nor in anything cited by the Clerk, provides the Clerk with the authority to restrict the public's access to case documents or negates the Judges' supervisory power over the Municipal Court's records and files.

**{¶ 41}** Here, the Clerk overreached to exercise a judicial function *en masse* specifically conferred to the Judges, without having the power or right to do so, without any party seeking such relief, and without any evidence being brought forth to justify such restriction. Any decision to restrict public access must be based upon evidence in the record. See *State ex rel. Dispatch Printing Co. v. Geer*, 2007-Ohio-4643, ¶ 19. The Clerk anointed himself to determine that the needs of some litigants *might* be benefitted and that those needs outweigh the courts' authority to provide the public with transparency in

court proceedings and in the most accessible medium feasible. The courts serve all of the people, not designated, select groups. In fulfillment of that service, the Judges' concerns for clarity as to what records are available, the public's accessibility, and the transparency in court proceedings is not misplaced. These fundamental principles, quite naturally, are rightfully guarded by the courts.

{¶ 42} The Clerk undertook a function belonging exclusively to the court he serves, and the Judges have a clear legal right to protect their authority, both inherent and provided by rule, to balance the equities when parties request to restrict public access of case documents from being usurped by the Clerk.

2) The Clerk has a clear legal duty to comply with Administrative Order 23-45 and restore remote online access to all case documents as directed

{¶ 43} The Judges have shown that the Clerk has a clear legal duty to obey Administrative Order 23-45, rescind the Policy, and restore remote online access.

{¶ 44} Statutes or administrative rules adopted pursuant to legislative authority may provide the basis for a clear legal duty and a clear legal right in a mandamus case. *See State ex rel. Pipoly v. State Teachers Retirement Sys.*, 2002-Ohio-2219, ¶ 18. A clerk may be ordered by way of a writ of mandamus to commence a ministerial act. See *State ex rel. Focke v. Price*, 137 N.E.2d 163 (2d Dist. 1955).

{¶ 45} As a creature of statute, the Clerk is without discretion to disregard a statutory mandate. See *State ex rel. Bey v. Byrd,* 2020-Ohio-2766, ¶ 31 (Kennedy, C.J., concurring in judgment only in part and dissenting in part), citing *Euclid v. Camp Wise Assn.*, 102 Ohio St. 207, 210 (1921). Further:

> The courts uniformly hold that the office of clerk of a court of justice is ministerial, and that it includes no judicial authority except by constitutional or legislative provision. There is some

> conflict of opinion as to the judicial or ministerial nature of certain specific duties of a clerk of court; but if his official duty is prescribed by law, then his action in performance of that duty is ministerial.

*Hornack v. State*, 39 Ohio App. 203 (8th Dist. 1931).

**{¶ 46}** A municipal clerk of court has statutory duties enumerated in R.C. 1901.31, including to:

> file and safely keep all journals, records, books, and papers belonging or appertaining to the court; record the proceedings of the court; **perform all other duties that the judges of the court may prescribe**; and keep a book showing all receipts and disbursements, which book shall be open for public inspection at all times.

R.C. 1901.31(E) (Bold emphasis added.). Administrative Order 23-45 clearly prescribed how the Judges intended their records be made available to the public.

**{¶ 47}** Contrary to the Clerk's assertions, Sup.R. 44-47 does not provide the Clerk with discretion to restrict remote online access to court records after the fact, particularly where, as here, the Judges he serves have ordered him to restore such access. Court rules do not carry the same legal weight as statutes passed by the Ohio General Assembly. In particular, it is well settled that the "Rules of Superintendence 'do not have the same force as a statute or case law, but are rather purely internal housekeeping rules which do not create substantive rights in individuals or procedural law.'" *Hunter-June v. Pitts*, 2014-Ohio-2473, ¶ 19 (12th Dist.), quoting *Elson v. Plokhooy*, 2011-Ohio-3009, ¶ 40 (3d Dist.). *Accord In re B.J.*, 2016-Ohio-7440, ¶ 57 (12th Dist.). Rather, the preface to the Superintendence Rules explains that those rules were adopted to ensure the "prompt disposition of all causes, at all times, in all courts of this state." Sup.R. Preface; *State v. Akladyous*, 2023-Ohio-3105, ¶ 33 (12th Dist.). Noncompliance with a Rule of

- 16 -

Superintendence is generally not grounds for reversal in a criminal case, much less grounds to shift the judicial power to weigh the privacy needs of individuals against the public's right to access court documents to a non-judicial officer such as the Clerk.

{¶ 48} Further, if a rule created pursuant to Ohio Const., art. IV, § 5(A)(1), such as Sup.R. 44-47, conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law. *Proctor v. Kardassilaris*, 2007-Ohio-4838, ¶ 17. Here, the parties' dispute is substantive. The Clerk's interpretation of Sup.R. 44-47, if adopted, would impermissibly create an exception to his statutory duty to follow orders from the Judges. The General Assembly could have amended R.C. 1901.31 to allow the Clerk the final decision on what court documents will have remote online access, or to invest the Clerk with the power to disable such access after the fact. The Ohio Supreme Court enacted Sup.R. 44-47 in 2009 and because the General Assembly has not added such a caveat to the Clerk's obligation to obey orders from the court he serves, this Court will not legislate such an exception from the bench.

{¶ 49} Sup.R. 44-47 cannot be reasonably interpreted to provide the Clerk with the authority to disregard the Judges' order to restore online access. Such an interpretation of Sup.R. 44-47 would render the portion of R.C. 1901.31 that a clerk must "perform all other duties that the judges of the court may prescribe" superfluous. The rule against surplusage is a well-established rule of statutory interpretation that precludes an interpretation that renders a portion of a statute meaningless. *State ex rel. McQueen v. Court of Common Pleas*, 2013-Ohio-65, ¶ 17.

{¶ 50} The Ohio Supreme Court has stated that the purpose of Sup.R. 44-47 is to provide a procedural claim for third parties who wish to obtain or limit access to court

records. Sup.R. 45(C)(2) provides a shield to the clerk or the court against a third-party litigant who might bring a claim because a particular case document is not available online. Nothing in Sup.R. 44-47 suggests that the Clerk can unilaterally decide to disable remote online access that had been previously provided or that the Clerk may act contrary to the direction of the Court he has been elected to serve.

**{¶ 51}** Accordingly, the Clerk has a clear legal duty to restore remote online access to the court records otherwise removed by the Clerk's Policy, as well as to rescind the Policy in accordance with Administrative Order 23-45.

### 3) The Judges lack an adequate remedy at law

**{¶ 52}** The Clerk argued that the Judges have an adequate remedy at law because the Judges can hold him in contempt for failing to abide by Administrative Order 23-45. However, contempt is a *power*, not a *remedy* for the judges.

**{¶ 53}** Contempt is not a remedy for the Judges because the Judges cannot control if, when, or how a purge of the contempt might take place. A contempt punishes the Clerk for his conduct, but it does not solve the problem for which the Judges seek a remedy, namely that the Clerk has impermissibly exceeded his authority by unilaterally implementing his Policy and restricting remote online access to court documents contrary to the Judges' direction. That is to say, even if the Judges hold the Clerk in contempt for non-compliance, they can levy a further sanction, but they cannot ensure management of the court's records as requested.

**{¶ 54}** Moreover, there is no remedy at law that values the autonomy of judicial authority, which here was usurped by the Clerk when he decided to perform a function within the sole authority of the courts which he serves. The Clerk misunderstands and

thus conflates the difference between a remedy at law and a sanction for contempt. A finding that the Clerk is in contempt may result in a sanction being levied upon the Clerk, but it does not fulfill the implementation of Administrative Order 23-45.

{¶ 55} The Judges have no means to obtain relief by way of specific performance. To adjudicate the Judges' authority to compel the Clerk to restore remote online access to court records documenting their proceedings the Judges would need to seek both declaratory judgment and a mandatory injunction. Notably however, the Ohio Supreme Court has specifically held that where a party must seek both a declaratory judgment and a mandatory injunction, the party lacks an adequate remedy at law and a writ of mandamus may issue. See *State ex rel. Maras v. Larose*, 2022-Ohio-3852, ¶ 14 (internal citations omitted). *See also State ex rel. Smith v. Industrial Com.*, 139 Ohio St. 303, 306 (1942)("[t]he functions of an injunction are ordinarily to restrain motion and enforce inaction, while those of mandamus are to set in motion and to compel action").

{¶ 56} Here, the Judges are seeking to compel the Clerk to undertake the official actions of rescinding his Policy and restoring remote online access to the court's records as previously directed. Mandamus is an appropriate action for the Judges to undertake.

4) The Judges' mandamus claim is not moot

{¶ 57} The Clerk argues that the Judges' mandamus claim is moot because he alleges that he has complied in part with Administrative Order 23-45. Where a requested action has already been taken, a relator's mandamus claim is moot. *Clough v. Lawson*, 2012-Ohio-5831, ¶ 8 (11th Dist.). A writ of mandamus will not issue to compel an act already performed. *State ex rel. Shaw v. Clerk of Cuyahoga Cty. Probate Court*, 2019-Ohio-3780, ¶ 8 (8th Dist.).

- 19 -

**{¶ 58}** The burden to prove that a claim is moot rests with the respondent. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty., Port Auth.*, 2009-Ohio-1767, ¶ 14. A respondent meets its burden by providing an affidavit that demonstrates that the actions to be compelled by the requested writ have occurred. *Id.* Here, the Clerk did not provide an affidavit, nor any other evidence, to support his assertion that he has complied with any part of Administrative Order 23-45. Therefore, the Clerk did not meet his burden to prove mootness.

**{¶ 59}** Even where an affidavit is provided, a matter will not be moot where the claims meet the capable-of-repetition exception. This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 2000-Ohio-142; *State ex rel. Cincinnati Enquirer v. Ronan*, 2009-Ohio-5947, ¶ 5. The Ohio Supreme Court has recognized that a continuing pattern and practice of preventing access to public records can support a finding that the-capable-of-repetition exception to mootness applies. *See Id.* at ¶ 6.

**{¶ 60}** Here, the issues are not moot because the situation is capable of repetition yet evading review. The Clerk has the ability to restrict remote online access without it being detected by the Judges or others. The Judges averred that they learned that the Clerk issued the Policy from the news media. The Clerk gave no prior notice to the Judges that he was undertaking such action. The Clerk could restrict remote online access and

then simply restore the same should the Judges file a court action, mooting the action but never solving the underlying issue.

{¶ 61} The Clerk's mootness argument fails as a matter of law.

### III. CONCLUSION

{¶ 62} For the reasons discussed herein, this Court DENIES the Clerk's Motion to Dismiss the Counterclaim and GRANTS the Judges' Motion for Judgment on the Pleadings.

{¶ 63} Writ of Mandamus is hereby GRANTED.

{¶ 64} Writ of Prohibition is DENIED.


BYRNE, P.J., and M.POWELL, J., concur.


_____


Judges Robin N. Piper, Mike Powell, and Matthew R. Byrne, of the Twelfth Appellate
District, sitting by assignment in the First Appellate District
pursuant to Ohio Const., art. IV, § 5(A)(3).