THE STATE EX REL. THE CINCINNATI POST *v.* COURT OF APPEALS, SECOND APPELLATE JUDICIAL DISTRICT OF OHIO ET AL.

[Cite as *State ex rel. The Cincinnati Post v. Second Dist. Court of Appeals* (1992), 65 Ohio St.3d 378.]

(No. 91–2552—Submitted October 13, 1992—Decided December 14, 1992.)

*Baker & Hostetler, David L. Marburger, Jonathan D. Henry* and *Bruce W. Sanford,* for petitioner.

*Lee I. Fisher,* Attorney General, *Kathleen McDonald O'Malley, Andrew I. Sutter* and *Robert A. Zimmerman,* Assistant Attorneys General, for respondents.

HERBERT R. BROWN, J.   At issue in this case is the secrecy provision of R.C. 2505.073(B).   For the reasons below, we grant the writ.

R.C. 2151.85 permits minor females to request judicial bypass of the parental notification required by R.C. 2919.12(B) before obtaining an abortion. R.C. 2505.073(A) provides a mechanism to appeal the dismissal of a complaint under R.C. 2151.85.   R.C. 2505.073(B) provides: "All proceedings under division (A) of this section shall be conducted in a manner that will preserve the anonymity of the appellant on appeal.   All papers and records that pertain to an appeal under this section shall be kept confidential and are not public records under section 149.43 of the Revised Code."   Respondents rely on the second sentence of subsection (B) to justify keeping the entire record of such appeals in a sealed docket.

The necessity for confidentiality in these cases is rooted in constitutional law.   The United States Supreme Court has held that a parental consent statute must contain a bypass mechanism which "assure[s] that a resolution of the issue, and any appeals that may follow, will be completed with anonymity * * *."   *Bellotti v. Baird* (1979), 443 U.S. 622, 644, 99 S.Ct. 3035, 3048, 61 L.Ed.2d 797, 813.   Ohio's statute is one for parental notification only, and the court has not specifically held that such a statute requires anonymity. However, in *Ohio v. Akron Ctr. for Reproductive Health* (1990), 497 U.S. 502, 110 S.Ct. 2972, 111 L.Ed.2d 405, the court upheld Ohio's notification statute, and stated that it need not reach the issue of anonymity because Ohio's law satisfied the *Bellotti* standard.   *Id.* at 511–513, 110 S.Ct. at 2979–2980, 111 L.Ed.2d at 418–419.

Judicial bypass would be meaningless if the identity of the pregnant minor were not protected.   If the minor's parents can discover her identity or the facts of her case through the court proceedings, the reason for judicial bypass is destroyed.   Judicial bypass is intended as a mechanism by which the minor can obtain an abortion without fear of the consequences of her parents' knowledge.

The first sentence of R.C. 2505.073(B) requires that the anonymity of the appellant be preserved. The second sentence carries out that legislative intent. But we should not read the second sentence in isolation. It must be interpreted in the context of the legislative intent, as expressed in the preceding sentence. Further, R.C. 2505.073 should be construed to make the legislation constitutional and to carry out the intent of the General Assembly in providing a judicial bypass mechanism.

The confidentiality of an appellant's identity is vital. Once that is achieved, however, there is no need in R.C. 2505.073 cases to cloak the judicial proceedings in secrecy. The number of cases appealed, the docket numbers, and the name of the judge deciding each case are all items ordinarily of public record. Keeping them secret does nothing to preserve, nor will releasing them compromise, the anonymity of the individual appellants.

Nor does the decision (the entry deciding the case) compromise the anonymity of the minor if the minor's name is not revealed. Moreover, the reasoning behind the decisions (as contained in judicial opinions) is important to the public. Only through public disclosure can it be known what factors the judge is using to come to a particular decision. Keeping the judicial reasoning a secret prevents everyone, including appellants, their attorneys, and other judges, from knowing the common law as it develops. A potential litigant should know the rules and procedures that will govern the case she is pursuing; otherwise, access to the court is a diminished right.

The Ohio legislature grants a choice of forum to a minor seeking an abortion:

"A woman who is pregnant, unmarried, under eighteen years of age, and unemancipated and who wishes to have an abortion without the notification of her parents, guardian, or custodian may file a complaint in the juvenile court of the county in which she has a residence or legal settlement, in the juvenile court of any county that borders to any extent the county in which she has a residence or legal settlement, or in the juvenile court of the county in which the hospital, clinic, or other facility in which the abortion would be performed or induced is located, requesting the issuance of an order authorizing her to consent to the performance or inducement of an abortion without the notification of her parents, guardian, or custodian." R.C. 2151.85(A).

This grant would be meaningless if important factors governing a minor's choice of forum are cloaked in secrecy.

Further, inconsistent results among districts or judges within a district can be analyzed and challenged only if decisions are made public. Non-disclosure insulates judges from accountability.

As a general principle courts should be open, and the public should have access to the proceedings. Indeed this is a requirement of the Ohio Constitution.[1] Exceptions must conform to constitutional jurisprudence and are recognized only when there is an overriding competing interest. Even then, the exemption of court proceedings from public scrutiny is permitted only to the extent necessary to honor the overriding value. For example, in *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439, closing the courtroom to the press and putting adults under a gag order were allowed to protect the psychological well-being of a minor. However, in *T.R.* we were careful to point out that any such restriction should be narrowly tailored to serve the competing interest without unduly burdening the public's right of access. We modified the gag order because it was overbroad.

The judicial bypass mechanism of R.C. 2151.85 and 2505.073 serves (as we have noted) a constitutional interest. However, there is no need to extend the cloak of secrecy beyond what is necessary to protect that interest.

Since open courts are required by the Constitution, the secrecy provisions in R.C. 2505.073(B) can be upheld only to the extent that they accord the constitutionally mandated protection of anonymity to the minor seeking to use judicial bypass to secure an abortion. Thus we interpret R.C. 2505.073 to give validity to the Ohio Constitution's open courts provision *and* to the case law pertaining to the constitutionality of judicial bypass. In so doing we are being faithful to the legislative intent which is expressed most succinctly in R.C. 2505.073(B): "All proceedings under division (A) of this section shall be conducted in a manner that will preserve the anonymity of the appellant on appeal."

Access to the results of cases decided under R.C. 2505.073 must be permitted provided the disclosure does not directly or indirectly compromise the anonymity of the minor who is seeking judicial bypass. Accordingly, we hold that the public is entitled to secure from the records pertaining to each case filed under R.C. 2505.073: (1) the docket number, (2) the name of the judge, and (3) the decision including, if appropriate, a properly redacted opinion.

It is assumed that opinions have been written and will continue to be written in R.C. 2505.073 cases. Opinions written prior to our holding herein shall not be disclosed where such opinions reveal the identity of the minor or where they disclose facts from which the identity of the minor could be discovered. These opinions were written with the understanding that they

---

1. Section 16, Article I, Constitution of Ohio reads in part: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

would be kept confidential. In addition, re-opening previous cases would cause unnecessary trauma to the young women involved, many of whom are no doubt trying to put a difficult time in their lives behind them. Where previous opinions do not directly or indirectly disclose the identity of the minor, such opinions may be released as public records.

Henceforth opinions shall set forth the reasoning in support of the decision in a way which does not directly or indirectly compromise the anonymity of the person seeking an abortion. Opinions written in compliance with this requirement shall be considered public records available upon request. If, in the judgment of the court, it is impossible to release an opinion without compromising the anonymity of the minor, the entry which journalizes the outcome of the case shall include a specific finding that no opinion can be written without disclosing the identity of the minor. Such finding shall be a matter of public record.

It is the obligation of the court to remove any and all information in its opinion that would directly or indirectly disclose the identity of the minor. However, in order to protect the appellants in future cases from disclosure of facts that may identify them, a procedural safeguard must be put in place before an opinion is released to the public. The minor must be notified, and be given the option to appear and argue at a hearing if she believes the opinion may disclose her identity.[2]

Except as herein provided, all papers and the records pertaining to proceedings under R.C. 2505.073 shall be kept confidential and, as the statute specifically provides, are not public records under R.C. 149.43.

For the foregoing reasons, the writ is granted in accordance with our opinion herein.

*Writ granted.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and WALSH, JJ., concur.

JAMES E. WALSH, J., of the Twelfth Appellate District, sitting for RESNICK, J.

---

2. We recognize that a local district court of appeals supplementary rule may be necessary to facilitate this procedure.