[Cite as *Hurst v. Peters*, 2025-Ohio-1958.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| COLONEL ERIC Z. HURST | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| AFRIQUE PETERS | : | Case No. 2024 CA 00045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
                             Case No. 23 CVG 1776

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT:            May 30, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

COLONEL ERIC Z. HURST                   KATHERINE WEINLAND
1855 Lake Road SE                       MELLICENT COSTARELLA
Lancaster, OH  43130                    73 East Water Street
                                        Chillicothe, OH  45601

*King, J.*

{¶ 1}   Defendant-Appellant, Afrique Peters, appeals the October 14, 2024 entry of the Municipal Court of Fairfield County, Ohio, denying her motion to seal eviction filing record pursuant to Sup.R. 45(E).  Plaintiff-Appellee is Colonel Eric Z. Hurst.  We reverse the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 5, 2023, Hurst filed a complaint for eviction/forcible entry and detainer action against Peters seeking unpaid rent, alleging there was no lease agreement and Peters was a squatter.  A hearing before a magistrate was held on July 25, 2023, and Hurst failed to appear.  By decision filed on the same date, the magistrate dismissed the case without prejudice.  The trial court adopted the magistrate's decision.

{¶ 3}   On September 18, 2024, Peters filed a motion to seal eviction filing record with a supporting affidavit under Sup.R. 45(E).  She averred she has never lived at the property and it is her ex-husband who resides there.  She claims the eviction filed against her is a stain on her record; she has had numerous landlords turn her down for housing because of the eviction filing.  She averred the eviction filing drastically affects her ability to find housing and causes her immeasurable stress both financially and emotionally.  By order filed September 30, 2024, the magistrate denied the motion, finding Sup.R. 45(E) did not apply to the sealing of eviction proceedings.  The magistrate noted because the matter was dismissed, there was no judgment to vacate.

{¶ 4}   On October 10, 2024, Peters filed a motion to set aside the magistrate's order.  By entry filed October 14, 2024, the trial court treated the motion as an objection to the magistrate's order, denied the objection, and adopted the magistrate's order.  The

trial court found the magistrate properly determined the factual issues and appropriately applied the law.

{¶ 5}   Peters filed an appeal with the following assignments of error:

I

{¶ 6}   "OHIO RULE OF SUPERINTENDENCE 45(E) APPLIES TO FORCIBLE ENTRY AND DETAINER ACTIONS.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR CONCLUDING THAT OHIO RULE OF SUPERINTENDENCE 45 (E) DOES NOT APPLY TO EVICTION ACTIONS."

II

{¶ 7}   "OHIO RULE OF SUPERINTENDENCE 45(E) REQUIRES THE COURT TO HOLD A HEARING ON A MOTION TO RESTRICT PUBLIC ACCESS.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROVIDE A HEARING ON THE APPELLANT'S MOTION TO RESTRICT PUBLIC ACCESS.

I

{¶ 8}   In her first assignment of error, Peters claims the trial court erred in finding Sup.R. 45(E) does not apply to eviction actions.  We agree.

{¶ 9}   Sup.R. 45 governs court records, public access.  Subsection (E)(1) states:

Any party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document.  Additionally, the court may restrict public access to the information in the case document or, if necessary, the entire

document upon its own order. The court shall give notice of the motion or order to all parties in the case. The court may schedule a hearing on the motion.

{¶ 10} Sup.R. 45(E) provides, "*[a]ny* party to a judicial action or proceeding" may petition the trial court to "restrict public access to the information or, if necessary, the entire document." (Emphasis added.) Peters was a party to the subject judicial action or proceeding. The rule does not limit the judicial action or proceeding and does not exclude eviction actions.

{¶ 11} Upon review, we find the trial court should have considered Peters's motion to seal eviction filing record under Sup.R. 45(E).

{¶ 12} Assignment of Error I is granted.

II

{¶ 13} In her second assignment of error, Peters claims the trial court was required to hold a hearing on her motion. We disagree.

{¶ 14} Sup.R. 45(E)(1) as cited above clearly states, "[t]he court *may* schedule a hearing on the motion." (Emphasis added.) The holding of a hearing on the issue is discretionary and is not a requirement.

{¶ 15} Assignment of Error II is denied.

{¶ 16} The judgment of the Municipal Court of Fairfield County, Ohio is reversed and the matter is remanded to the court for further proceedings.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.