**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parikh v. Berkowitz*, Slip Opinion No. 2025-Ohio-2117.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2117

THE STATE EX REL. PARIKH, CLERK, APPELLANT, *v.* BERKOWITZ, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parikh v. Berkowitz*, Slip Opinion No. 2025-Ohio-2117.]**

*Prohibition—Mandamus—County clerk of courts has a clear legal duty under R.C. 1901.31(E) to comply with municipal-court judges' administrative order requiring him to restore online public access to all records in residential-eviction cases—An appeal from any contempt proceeding would provide clerk with adequate remedy to raise any due-process challenge to the judges' authority to hold him in contempt for noncompliance with the administrative order, and the judges do not patently and unambiguously lack jurisdiction to hold him in contempt for failing to comply with it—Court of appeals' judgment denying clerk's request for a writ of prohibition and granting judges' request for a writ of mandamus affirmed.*

(No. 2024-1466—Submitted April 22, 2025—Decided June 18, 2025.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-240187, 2024-Ohio-4686.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Pavan V. Parikh, the Hamilton County clerk of courts, appeals the judgment of the First District Court of Appeals denying a writ of prohibition he requested against appellees, the judges of the Hamilton County Municipal Court[1] ("the judges"), and granting a writ of mandamus the judges requested against him. The underlying dispute relates to Parikh's adoption of a policy discontinuing online access to certain court records and the judges' order directing him to rescind that policy. The court of appeals held in favor of the judges, and we affirm its judgment.

## I. BACKGROUND

{¶ 2} Some municipal-court clerks are elected; others are appointed by the judges of the court that they serve. R.C. 1901.31(A). Parikh is the elected Hamilton County clerk of courts. As the Hamilton County clerk of courts, Parikh serves as the clerk for the Hamilton County Municipal Court. *See* R.C. 1901.31(A)(1)(b).

{¶ 3} In May 2022, Parikh issued a policy eliminating remote online access to court records in residential-eviction cases older than three years from the date of judgment satisfaction. He states that the purpose of the policy is to prevent members of the public, such as employers and landlords, from inappropriately

_____

1. The appellees are Hamilton County Municipal Court Judges Josh Berkowitz, Bernie Bouchard, Gwen Bender, Ted Berry, Janaya Trotter Bratton, Jackie Ginocchio, Donte Johnson, William Mallory, Heather Russell, Brad Greenberg, Dwane Mallory, Mike Peck, Tyrone Yates, and Samantha Silverstein.

relying on court documents when considering employment, housing, and other needs of individuals. "[I]t was and remains the belief of the Clerk's Office," he explains, "that these online inquiries led to misidentification of parties with similar names and produced inaccurate and unfair results that harmed citizens." The public remains able to access the records in person at the clerk's office during regular business hours.

{¶ 4} The judges objected to the policy and asked Parikh to place a disclaimer on the clerk's-office website notifying the public "that a remote search for eviction records would not include eviction actions that are greater than three years of age." Parikh refused, although he told the judges that he would place on the website a different, more general, disclaimer stating:

> Pursuant to Rule 45(C) of the Rules of Superintendence for the Courts of Ohio, a clerk of court is not required to offer remote access to a particular case file or case document. If you believe a case file or particular document exists but is not available online, please visit the Clerk's Office or submit an online request for a copy of the specific record you are attempting to obtain.

{¶ 5} This disclaimer did not satisfy the judges, and they issued Administrative Order No. 23-45 in October 2023. It ordered Parikh to (1) comply with Loc.R. 9.16 of the Hamilton County Municipal Court (allowing the clerk to make certain court records available on the clerk's-office website), (2) comply with Sup.R. 45 (concerning public access to court records), and (3) rescind Parikh's May 2022 policy "so as to restore open and transparent public access to Court records." Parikh did not comply with the order, and the judges informed Parikh in March 2024 that he could be held in contempt of court if he did not change the clerk's-office website in compliance with the order.

{¶ 6} Parikh then filed a complaint for a writ of prohibition in the First District Court of Appeals. He requested a writ preventing the judges from enforcing Administrative Order No. 23-45 and from holding him in contempt for noncompliance with the order. The judges answered. They also counterclaimed, requesting a writ of mandamus ordering Parikh to rescind the May 2022 policy and otherwise comply with the administrative order, Sup.R. 45, and Loc.R. 9.16. The judges moved for judgment on the pleadings on Parikh's prohibition complaint, and Parikh moved to dismiss the judges' mandamus counterclaim.

{¶ 7} All judges of the First District recused themselves from the case, and three judges of the Twelfth District Court of Appeals were assigned as visiting judges. In September, the court of appeals issued an opinion, ruling in favor of the judges. It granted the judges' motion for judgment on the pleadings on the prohibition claim, concluding that the judges did not patently and unambiguously lack authority to hold Parikh in contempt. As to the judges' mandamus counterclaim, the court denied Parikh's motion to dismiss and—although Parikh had not yet filed an answer—granted the writ outright. Accordingly, the court ordered Parikh to rescind the May 2022 policy and to comply with Administrative Order No. 23-45.

{¶ 8} Parikh has appealed as of right. He also requested a stay of the court of appeals' decision from this court, which we denied. 2024-Ohio-5572. The Ohio Clerk of Courts Association filed an amicus brief in support of Parikh.

## II. LEGAL ANALYSIS

### A. Parikh's motion for oral argument

{¶ 9} We first address a motion for oral argument that Parikh filed. The judges did not respond to the motion. We have discretion to grant oral argument in a direct appeal, S.Ct.Prac.R. 17.02(A), and in exercising that discretion, will consider whether the case involves complex issues, a matter of great public importance, a substantial constitutional issue, or a conflict among courts of appeals,

*Boler v. Hill*, 2022-Ohio-507, ¶ 14.  Having considered these factors, we deny the motion for oral argument.

### B.  Writ of mandamus

**{¶ 10}** The judges requested a writ of mandamus ordering Parikh to rescind the May 2022 policy and comply with Administrative Order No. 23-45, Sup.R. 45, and Loc.R. 9.16.  The court of appeals granted the writ.

*1.  Standard of review and mandamus standards*

**{¶ 11}** The court of appeals granted the judges' counterclaim for a writ of mandamus before Parikh filed an answer or submitted evidence, meaning that the court effectively decided the case as a matter of law.  Because the court's judgment granting the writ turns on questions of law, de novo review is appropriate.  *See State ex rel. Unterbrink v. Elida Local Schools Bd. of Edn.*, 2020-Ohio-5378, ¶ 18 (3d Dist.) ("de novo review is appropriate where the trial court's decision whether to issue or deny a writ of mandamus turns on its resolution of a question of law"); *State ex rel. V & A Risk Servs. v. Ohio Bur. of Workers' Comp.*, 2012-Ohio-3583, ¶ 19 (10th Dist.).

**{¶ 12}** To be entitled to a writ of mandamus, the judges were required to establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Parikh to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Stevenson v. King,* 2022-Ohio-3093, ¶ 12.  The court of appeals determined that the judges lack an adequate remedy at law, 2024-Ohio-4486, ¶ 52-56, and Parikh does not dispute that determination on appeal.

*2.  Clear legal right and duty*

**{¶ 13}** The gravamen of Parikh's argument is that Sup.R. 45 and Loc.R. 9.16 allow, but do not require, clerks of court to place records online.  Parikh thus argues that as an elected official, he is permitted to exercise his discretion in his capacity as clerk for the municipal court to remove eviction records from the clerk's-office website.  But Parikh's argument runs into two problems.  First, R.C.

1901.31 provides that he "shall" perform duties that the municipal-court judges direct. R.C. 1901.31(E). And second, precedent of this court, the Rules of Superintendence, and the local rules of the municipal court all vest in its judges the discretion to restrict access to municipal-court records. Thus, Parikh has a duty to comply with Administrative Order No. 23-45.

{¶ 14} R.C. 1901.31(E) prescribes both discretionary and mandatory duties for municipal-court clerks. Among the mandatory duties, R.C. 1901.31(E) provides that a municipal-court clerk "shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, all of which shall be public records of the court." Further, the statute provides that the clerk "shall . . . perform all other duties that the judges of the court may prescribe." Here, in issuing Administrative Order No. 23-45, the judges ordered Parikh to cease limiting public access to the court's records, and the order applies to his official duties. R.C. 1901.31(E) thus requires that Parikh comply with the order.

{¶ 15} Parikh argues that a municipal-court clerk's duty to "perform all other duties that the judges of the court may prescribe," R.C. 1901.31(E), does not apply here, because Administrative Order No. 23-45 relates to his existing duty to maintain the court's records—i.e., it does not direct him to perform *another* duty. Rather, Parikh argues, the judges are attempting to direct how he complies with his *existing* duties. This is an overly constrictive reading of the statute. Administrative Order No. 23-45 does not direct Parikh to prepare and maintain an index, docket, or other records of the court. Rather, it orders him to stop restricting public access to the court's case records. The order is related to one of Parikh's existing duties, but it does direct him to perform another duty.

{¶ 16} To be sure, there may be limits on a court's authority to direct an elected clerk of courts. For example, the clerk of a court of common pleas maintains discretion as to how to best manage and budget his or her office. *See State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 31-

32, 37 (granting writ of prohibition preventing common-pleas-court judges from restricting clerk of courts from hiring and assigning employees of her choice). But here, Parikh restricted online access to court records for the policy reason of protecting what he viewed as the best interests of defendants in closed eviction cases. As discussed below, such a decision may be made only by the municipal-court judges, and they may order the clerk to rescind actions that intrude upon their judicial discretion.

{¶ 17} Access to court records promotes openness, transparency of process, and accountability. *See State ex rel. Cincinnati Enquirer v. Lyons*, 2014-Ohio-2354, ¶ 14; *see also State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029, ¶ 1 (Ohio Constitution's open-courts provision, art. I, § 16, "encompass[es] a right of the public not only to attend court proceedings but also to access the records of such proceedings"). This principle underlies Sup.R. 45(A), which states that "[c]ourt records are presumed open to public access." "A court or clerk of court *shall* make a court record available by direct access . . . ." (Emphasis added.) Sup.R. 45(B)(1). "Direct access" generally means in-person access. *See* Sup.R. 44(J). In contrast, "[a] court or clerk of court *may* offer remote access to a court record" (emphasis added), Sup.R. 45(C)(1); "remote access" generally means electronic or online access, *see* Sup.R. 44(K). Hamilton County Municipal Court Loc.R. 9.16 similarly provides that the clerk may, but is not required to, provide online access to certain case records. Loc.R. 9.16(1).

{¶ 18} But although the Rules of Superintendence do not require that courts or clerks make all case records available online, *see* Sup.R. 45(C)(1), the rules recognize that the public can access records more easily online than in person at the clerk's office, and they treat discontinuing online access as a means of restricting access to records, *see* Sup.R. 45(E)(3)(b). Indeed, the May 2022 policy rests on this recognition—it assumes that members of the public who might search for court records online will not make the effort to access records in person.

**{¶ 19}** The Rules of Superintendence provide that a court, sua sponte or on a party's motion, may restrict public access to case information or documents. Sup.R. 45(E)(1). But when so doing, the court must find that the presumption of allowing public access is outweighed by a stronger interest, Sup.R. 45(E)(2), such as a public policy served by restricting public access, Sup.R. 45(E)(2)(a). And the court must restrict access by "the least restrictive means available," Sup.R. 45(E)(3); *accord* Loc.R. 9.16(4), such as restricting only online, but not direct, access, Sup.R. 45(E)(3)(b). These rules align with longstanding precedent holding that restrictions on court access "should be narrowly tailored to serve the competing interest without unduly burdening the public's right of access," *State ex rel. Cincinnati Post v. Second District Court of Appeals*, 65 Ohio St.3d 378, 381 (1992); *see also Bloom* at ¶ 50-53. These decisions, which involve the court's making findings, involve judicial discretion. A clerk of courts' duties, in contrast, are generally ministerial. *See Andrews*, 2022-Ohio-4189, at ¶ 25 (discussing duties of a clerk of a court of common pleas).

**{¶ 20}** Parikh's argument might carry more weight if he were building the clerk's-office website from the ground up and deciding which records to make available online. But as the court of appeals noted below, "[t]his case is not truly about the Clerk's decision to *initially* provide remote online access in eviction cases, but rather about the Clerk's desire to *restrict* remote online access to entire judicial proceedings on the premise that he was protecting litigants." (Emphasis in original.) 2024-Ohio-4686, ¶ 36 (1st Dist.). Parikh had previously placed the records of all eviction cases online. He then removed the records of eviction cases that were more than three years old, making a policy decision that the privacy rights of the defendants outweighed the public's right to know about the cases. This policy decision to restrict public access to certain court records infringes on the judges' authority to make such decisions. Therefore, Parikh has a clear legal duty

under R.C. 1901.31(E) to comply with the judges' order directing him to rescind the May 2022 policy.

{¶ 21} Finally, we briefly address two other arguments asserted by Parikh to challenge the court of appeals' judgment granting the writ of mandamus.

{¶ 22} First, Parikh argues that municipal-court judges lack inherent authority to issue administrative orders such as Administrative Order No. 23-45. But we need not explore the limits of municipal courts' inherent authority because municipal courts have statutory authority to direct municipal-court clerks to perform duties prescribed by municipal-court judges. Here, the judges' order related to Parikh's attempt to restrict public access to the municipal court's public records, so the order was within the judges' statutory authority.

{¶ 23} In addition, Parikh takes issue with a portion of Administrative Order No. 23-45 that does not directly pertain to online access to eviction-case records. The order states that the municipal court "requests that it be notified prior to any decision as it relates to any changes in policy or procedure regarding access, dissemination, and public availability of any and all records of the Municipal Court." Noting that the court of appeals' writ of mandamus orders Parikh to comply with the administrative order, he argues that the part of the order quoted above is overly broad, vague, and not related to a clear legal right of the judges. But the order merely "requests" that Parikh consult with the judges, in contrast to other tasks that it "orders" Parikh to do. Because this part of the administrative order is phrased as a request, this part of the order is not mandatory. Therefore, Parikh need not comply with this part of the order to comply with the writ of mandamus issued by the court of appeals.

{¶ 24} In sum, we conclude that the court of appeals correctly granted the writ of mandamus requested by the judges.

### C. Writ of prohibition

**{¶ 25}** In the court of appeals, Parikh requested a writ of prohibition preventing the judges from holding him in contempt for noncompliance with Administrative Order No. 23-45. The judges answered and filed a motion for judgment on the pleadings, which the court of appeals granted.

**{¶ 26}** "A motion for judgment on the pleadings 'permits consideration of the complaint and answer.'" *State ex rel. Fiser v. Kolesar*, 2020-Ohio-5483, ¶ 8, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 1996-Ohio-21, ¶ 21. "A court should grant the motion and dismiss the complaint when it determines that 'no material factual issues exist and . . . the movant is entitled to judgment as a matter of law.'" (Ellipsis in original.) *Id.*, quoting *Pontious* at ¶ 21.

**{¶ 27}** To demonstrate entitlement to a writ of prohibition, Parikh was required to establish that (1) the judges exercised or are about to exercise judicial or quasijudicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13; *Fiser* at ¶ 7. However, "the second and third elements may be satisfied by a showing that the lack of jurisdiction is patent and unambiguous." (Cleaned up.) *Fiser* at ¶ 7.

**{¶ 28}** A judge's threat to hold a person in contempt to compel obedience with a court order is an exercise of judicial power, *Fiser* at ¶ 14, and the judges do not dispute that their threat to hold Parikh in contempt constitutes the exercise of judicial power. They argue, however, that they have the authority to hold contempt proceedings to enforce their orders and that Parikh has an adequate remedy in the ordinary course of the law.

### *1. Adequate remedy*

**{¶ 29}** We have consistently held that appealing a contempt order is an adequate remedy in the ordinary course of the law for the contemner to challenge

the order. *See, e.g.*, *State ex rel. Mason v. Burnside*, 2007-Ohio-6754, ¶ 15; *State ex rel. Mancino v. Campbell*, 1993-Ohio-68, ¶ 13 ("appealing a contempt order is an adequate remedy at law which will result in denial of the writ").

{¶ 30} Parikh argues that "a contempt order in this scenario would be unconstitutional, meaning no appeal could possibly adequately remedy that harm." He contends that the judges cannot impartially decide whether he is in violation of Administrative Order No. 23-45, because they issued the order themselves. He cites a Tenth District Court of Appeals decision that cites a decision of the United States Supreme Court for the proposition "that there is a due process right to have one's contempt charge tried before an impartial judge." *A.P. Lee & Co., Ltd. v. R.R. Bowker, L.L.C.*, 2015-Ohio-2535, ¶ 34, fn. 3 (10th Dist.), citing *Cooke v. United States*, 267 U.S. 517, 539 (1925). As the Tenth District noted, however, Ohio's contempt statute allows a court both to charge a party with contempt and to determine whether the party is guilty of contempt, *A.P. Lee* at ¶ 34, citing R.C. 2705.05(A), and courts have long applied the statute without indicating that it is constitutionally infirm, *see, e.g.*, *State v. Weiner*, 37 Ohio St.2d 11, 13 (1974) (rejecting the "appellant's contention that it was improper for the judge who signed the affidavit charging contempt to preside at the hearing" because the contempt allegation did not involve "personal insult or vilification of the judge"). Moreover, even if there were due-process concerns, in extraordinary-writ actions arising from criminal cases, we have consistently held that an appeal from a final judgment is an adequate remedy to raise due-process claims arising from a criminal proceeding. *See, e.g.*, *State ex rel. Davies v. Schroeder*, 2020-Ohio-1045, ¶ 10; *Jackson v. Johnson*, 2013-Ohio-999, ¶ 3. Similarly, an appeal from any contempt proceeding would provide Parikh with an adequate remedy to raise any due-process challenge to the judges' authority to hold him in contempt for noncompliance with Administrative Order No. 23-45.

*2. Patent and unambiguous lack of jurisdiction*

**{¶ 31}** Because Parikh would have an adequate remedy through appeal if the judges hold him in contempt, to be entitled to a writ of prohibition, he was required to show that the judges patently and unambiguously lack jurisdiction to hold him in contempt. *See Fiser*, 2020-Ohio-5483, at ¶ 7. Parikh presents three arguments in attempting to carry this burden.

**{¶ 32}** First, Parikh argues that municipal courts lack inherent authority to issue contempt orders and that their authority is limited to that granted by statute. But we need not decide whether municipal courts have inherent authority to issue contempt orders, because here, the judges would have statutory authority to hold Parikh in contempt for noncompliance with Administrative Order No. 23-45.

**{¶ 33}** R.C. 1901.13(A)(1) provides that "[i]n any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to . . . punish contempts." Here, Administrative Order No. 23-45 is related to actions or proceedings before the municipal court. "Action" or "proceeding" generally means a court case, *see State v. Malone*, 2009-Ohio-310, ¶ 15-16, and the municipal courts undisputably have jurisdiction over eviction cases, *see* R.C. 1901.18(A)(8). Moreover, as discussed above, Parikh must perform "all other duties that the judges of the court may prescribe." R.C. 1901.31(E). The administrative order relates to cases heard by the court on which the judges sit, and Parikh's duties relate to the cases.

**{¶ 34}** Although it has not been alleged that Parikh was a party to any of the eviction cases that the municipal court heard, that fact does not prevent the judges from holding him in contempt for actions he takes related to the cases. For example, in *State ex rel. Wellington v. Kobly*, 2006-Ohio-6571, a municipal-court judge convicted a defendant of a misdemeanor, sentenced him to seven days in jail, and wrote on the sentencing entry, "Sheriff not to release early." *Id.* at ¶ 5. The sheriff—apparently because the jail was overcrowded—released the defendant

early, and the judge ordered the sheriff to show cause why he should not be held in contempt. The sheriff requested a writ of prohibition to prevent the judge from holding a contempt hearing. We determined that the judge had statutory jurisdiction to hold the hearing because the municipal court had jurisdiction over misdemeanors. *Id.* at ¶ 15-17.

{¶ 35} Similarly, here, if a municipal-court judge had ordered Parikh to place a single eviction case's records back online and Parikh had refused to do so, the judge would not patently and unambiguously lack jurisdiction to hold contempt proceedings against Parikh. The municipal court would have jurisdiction over the eviction case, Parikh would have official duties related to the case, and he would have been ignoring a court order related to the case. Here, the fact that the judges issued a single order directing Parikh to restore online access to records of all eviction cases, rather than issuing an order for each individual case, does not affect the analysis.

{¶ 36} Second, Parikh challenges the municipal court's jurisdiction to hold him in contempt by arguing that because he is an elected official, Administrative Order No. 23-45 "directly impinges on the discretion and functioning of a separately elected political office." He contends that as an elected official, he should be allowed discretion in how to carry out his duties. But even if he is correct that he should be granted some discretion, such discretion would not affect the *jurisdiction* of the municipal court. The county sheriff in *Wellington* was also an elected official who was making decisions about how to operate the county jail. *See Wellington* at ¶ 6; *see also* R.C. 311.01(A).

{¶ 37} Finally, Parikh argues that administrative orders "may not be used as tools to resolve adversarial, but informal, disputes between offices," citing *State ex rel. Lorain Cty. Bd. of Commrs. v. Lorain Cty. Court of Common Pleas*, 2015-Ohio-3704. In *Lorain*, a common-pleas-court judge ordered a board of county commissioners to appropriate funds to a sheriff. The order was unrelated to any

case pending before the judge. *See id.* at ¶ 7, 21. The commissioners requested a writ of prohibition to prevent the judge from enforcing the order, and the judge argued that the commissioners had an adequate remedy in the ordinary course of the law because they could ultimately challenge the order in any resulting contempt proceeding. We held that the funding order was not enforceable in contempt, because the judge had patently and unambiguously lacked jurisdiction to issue it. *Id.* at ¶ 25. We reasoned that the judge lacked jurisdiction to issue the order because it did not directly involve the judge or his court, it was not for the administration of the judicial process, and there was no case or controversy between the county commissioners and the sheriff. *See id.* at ¶ 19, 21, 25. Here, Administrative Order No. 23-45 relates to cases over which the judges' court had jurisdiction, and the order directly involves the judges, the municipal court, and Parikh's duties related to the cases and the court. Therefore, *Lorain* is inapposite.

{¶ 38} For the foregoing reasons, the judges do not patently and unambiguously lack jurisdiction to hold Parikh in contempt for failing to comply with Administrative Order No. 23-45. And because they do not, Parikh has not pled entitlement to a writ of prohibition.

### III. CONCLUSION

{¶ 39} The First District Court of Appeals correctly determined that the judges of the Hamilton County Municipal Court were entitled to a writ of mandamus ordering Parikh to comply with Administrative Order No. 23-45 by rescinding his policy discontinuing remote online access to court records in certain eviction cases. In addition, the court of appeals correctly granted the judges' motion for judgment on the pleadings denying Parikh's prohibition claim. Therefore, we affirm the judgment of the court of appeals. In addition, we deny Parikh's motion for oral argument.

Judgment affirmed.

_____

Strauss Troy Co., L.P.A., Emily T. Supinger, and Alexa E. Wainscott, for appellant.

Montgomery Jonson, L.L.P., and Linda L. Woeber, for appellees.

Bricker Graydon, L.L.P., and Brodi J. Conover and Carly M. Sherman, for amicus curiae Ohio Clerk of Courts Association, in support of appellant.

_____