[Cite as *Dodd v. Preston*, 2026-Ohio-1887.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

DAVID DODD

      Appellee

v.

CYNTHIA PRESTON

      Appellant

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 2025-CA-42

Trial Court Case No. 2023CVG1581

(Civil Appeal from Municipal Court)

**FINAL JUDGMENT ENTRY & OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 22, 2026, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

**OPINION**

KRISTIE EILEEN ORTIZ, Attorney for Appellant
DAVID DODD, Appellee, Pro Se

HANSEMAN, J.

{¶ 1} Defendant-appellant Cynthia Preston appeals from a judgment issued by the Miami County Municipal Court in Case No. 2023 CVG 1581 denying her motion to seal and/or redact court records in a forcible entry and detainer action. For the reasons that follow, the judgment of the trial court is reversed and remanded.

**I. Facts and Course of Proceedings**

{¶ 2} A complaint for forcible entry and detainer was filed against Preston in the trial court on September 19, 2023. One month later, the trial court granted the plaintiff restitution of the premises. Prior to the trial court's decision, though, Preston had vacated the premises, which made the issue of restitution moot.

{¶ 3} On April 23, 2025, Preston filed a motion to seal and/or redact court documents related to the forcible entry and detainer action. Coupled with her motion, Preston attached an affidavit, which stated, in part, that though she no longer resided in Miami County, she had applied for housing and had been denied on multiple occasions due to the eviction being discovered by her potential landlords. Preston's affidavit also stated that the records "negatively impact[ed] [her] ability to secure safe, affordable housing for [her] and [her] family" and that as a result, she requested the court to "seal [the] eviction as it drastically affect[ed] [her] ability to find housing and cause[d] immeasurable stress to [herself] financially and emotionally." Affidavit of Preston, ¶ 11, 12.

**{¶ 4}** Without any analysis, the magistrate overruled Preston's motion on July 8, 2025. The trial court adopted the magistrate's decision on the same day. The decision stated that "Defendant's motion to seal and/or redact eviction filing records is overruled . . . ." Decision and Entry on Motion to Seal and/or Redact Records (July 8, 2025).

**{¶ 5}** On July 22, 2025, Preston filed objections to the magistrate's decision, accompanied with a lengthy affidavit. On August 14, 2025, the trial court filed an entry modifying the magistrate's decision and purporting to overrule Preston's objections. Preston appealed from that decision. This court determined that the trial court did not address her objections in the instant case, and we therefore dismissed her appeal for lack of a final appealable order. *See Dodd v. Preston*, No. 2025-CA-35 (2d Dist. Oct. 2, 2025). On October 10, 2025, Preston filed a motion requesting the trial court to rule on her objections.

**{¶ 6}** On November 4, 2025, the trial court filed an entry adopting in part and overruling in part the magistrate's decision. The entry states, in relevant part:

> This matter is before the court on objections to the magistrate's decision filed July 8, 2025. . . .
>
> With respect to the objections in Case 2023 CVG 1581 the objection is overruled.
>
> The Miami County Municipal Clerk of Courts shall adjust the record Accordingly.

**{¶ 7}** Preston now appeals from the trial court's judgment and raises two assignments of error for review.

3

**II. Assignments of Error**

**{¶ 8}** Preston's two assignments of error respectively state:

The trial court erred by overruling Appellant's objection to seal/redact the record in Case No. 2023 CVG 1581, failing to balance interests per Sup.R. 45(E), not considering redaction, and producing an inequitable result compared to other Ohio jurisdictions.

The court erred in failing to articulate reasoning or findings in the Final Appealable Order, which has impaired Defendant's ability to obtain meaningful appellate review, itself an assignment of error.

**{¶ 9}** Before turning to Preston's specific claims, we note that the appellee did not file a merit brief, and the issues raised by Preston are issues of first impression in our district.

**III. Sup.R. 45**

**{¶ 10}** There is a presumption that court records are open to the public. Sup.R. 45(A).[1] However, "[a]ny party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document." Sup.R. 45(E)(1). If such a motion is filed, the court may hold a hearing. *Id*.

**{¶ 11}** The term "case document" is defined as "a document and information in a document submitted to a court or filed with a clerk of court in a judicial action or proceeding, including exhibits, pleadings, motions, orders, and judgments, and any documentation prepared by the court or clerk in the judicial action or proceeding, such as journals, dockets, and indices, subject to the exclusions in division (C)(2) of this rule." Sup.R. 44(C)(1).

---

1. "'Court record' means both a case document and an administrative document, regardless of physical form or characteristic, manner of creation, or method of storage." Sup.R. 44(B).

{¶ 12} In order for case documents to be restricted to the public, Sup.R. 45(E)(2) provides that "[a] court shall restrict public access to information in a case document or, if necessary, the entire document, if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest after considering each of the following: (a) Whether public policy is served by restricting public access; (b) Whether any state, federal, or common law exempts the document or information from public access; (c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process." Sup.R. 45(E)(2).

{¶ 13} "When restricting public access to a case document or information in a case document . . . , the court shall use the least restrictive means available, including but not limited to the following: (a) Redacting the information rather than limiting public access to the entire document; (b) Restricting remote access to either the document or the information while maintaining its direct access; (c) Restricting public access to either the document or the information for a specific period of time; (d) Using a generic title or description for the document or the information in a case management system or register of actions; (e) Using initials or other identifier for the parties' proper names." Sup.R. 45(E)(3). In the event a trial court denies a motion to restrict public access, the Rules of Superintendence do not address the aggrieved party's remedy. *See* Sup.R. 45 and 47.

{¶ 14} However, if a trial court sustains a motion to restrict public access, Sup.R. 45(F)(1) allows a person seeking access to a sealed or restricted document to file a motion. In that situation, the trial court must consider "whether the original reason for the restriction of public access to the case document or information in the case document pursuant to division (E) of this rule no longer exists or is no longer applicable and whether

5

any new circumstances, as set forth in that division, have arisen which would require the restriction of public access." Sup.R. 45(F)(2). Similar to the standard governing the trial court's restriction of access to a case document, in determining whether to allow access to a restricted case document or restricted information in a case document, a court may permit public access "if it finds clear and convincing evidence that the presumption of allowing public access is no longer outweighed by a higher interest." *Id*.

{¶ 15} If a movant seeking public access is aggrieved by a trial court that refuses to allow access to a sealed or restricted document, the Rules of Superintendence allow the party to file action in mandamus. Sup.R. 47(B).

## IV. Discussion

{¶ 16} The Ohio Constitution makes clear that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law." Ohio Const., art. I, § 16. This section applies to access to court records as well as to access to all courts throughout our state. *State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029, ¶ 1 (Ohio Constitution's open-courts provision, art. I, § 16, "encompass[es] a right of the public not only to attend court proceedings but also to access the records of such proceedings").

{¶ 17} "Access to court records promotes openness, transparency of process, and accountability." *Id*. at ¶ 17, citing *State ex rel. Cincinnati Enquirer v. Lyons*, 2014-Ohio-2354, ¶ 14. More importantly, court records are open to the public because of First Amendment constitutional guarantees. *See In re Estate of Carpenter*, 2004-Ohio-830, ¶ 8 (1st Dist.)

6

("Under federal common law and the First Amendment to the United States Constitution, trials and court records are presumptively open and available for public inspection.").

{¶ 18} The Supreme Court of Ohio has stated:

The Rules of Superintendence provide that a court, sua sponte or on a party's motion, may restrict public access to case information or documents. Sup.R. 45(E)(1). But when so doing, the court must find that the presumption of allowing public access is outweighed by a stronger interest, Sup.R. 45(E)(2), such as a public policy served by restricting public access, Sup.R. 45(E)(2)(a). And the court must restrict access by "the least restrictive means available," Sup.R. 45(E)(3); *accord* Loc.R. 9.16(4), such as restricting only online, but not direct, access, Sup.R. 45(E)(3)(b). These rules align with long-standing precedent holding that restrictions on court access "should be narrowly tailored to serve the competing interest without unduly burdening the public's right of access," *State ex rel. Cincinnati Post v. Second District Court of Appeals*, 65 Ohio St.3d 378, 381, 604 N.E.2d 153 (1992); *see also Bloom* at ¶ 50-53.

*State ex rel. Parikh v. Berkowitz*, 2025-Ohio-2117, ¶ 19.

{¶ 19} As an initial matter, it has been held that a direct appeal is the appropriate remedy when a movant has sought and been denied an order to restrict access to or redact court records under Sup.R. 45(E). *See S.C. v. T.H.*, 2020-Ohio-2698 (9th Dist.) (concluding that direct appeal is proper procedural remedy to address trial court's denial of relief under Sup.R. 45(E)); *Hurst v. Peters*, 2025-Ohio-1958, ¶ 8-12 (5th Dist.) (direct appeal from denial of relief under Sup.R. 45(E) in which appellate court held that Sup.R. 45(E) applies to sealing records of eviction matters). We agree that without a remedy articulated in the Rules of

7

Superintendence, appellate review by way of a direct appeal is the remedy for redress. *Id*. We now address Preston's arguments.

### V. Standard of Review

{¶ 20} As this is an issue of first impression, there is no legal precedent in this district or in the state of Ohio. However, we note that the Supreme Court of Ohio has applied a de novo standard of review when a trial court fails to grant public access to court records or documents that were previously ordered sealed or redacted under Sup.R. 45. *State ex rel. Shubert v. Breaux*, 2024-Ohio-2491, ¶ 23, citing *State ex rel. Cincinnati Inquirer v. Forsthoefel*, 2022-Ohio-3580, ¶ 11. Although these Supreme Court cases involved reviewing of action on mandamus pursuant to Sup.R. 47(B) and R.C. 2731.01, we see no difference in applying the same standard of review regarding a trial court's decision to restrict public access in the first instance. This is because court documents are presumed open to the public, and the trial court must weigh competing interests and base its decision on clear and convincing evidence. Sup.R. 45(E)(2); *see also State ex rel. Cincinnati Enquirer v. Baker Ross*, Slip Opinion No. 2026-Ohio-510 (applying a Rule of Superintendence often requires trial courts to balance competing constitutional interests).

{¶ 21} Additionally, we believe that de novo review of a lower court's determination over a question of law when the decision impacts constitutional guarantees is appropriate. *See DuBose v. McGuffey*, 2022-Ohio-8, ¶ 14-15; *Baker Ross*. A de novo review requires an appellate court to exercise its own independent judgment without giving deference to the trial court. *State v. Gwynne*, 2023-Ohio-3851, ¶ 16; *Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159 (1969).

**VI. Application of the Standard of Review**

{¶ 22} As previously noted, the trial court's judgment entry denying Preston's motion to seal or redact states, in relevant part, the following:

> This matter is before the court on objections to the magistrate's decision filed July 8, 2025. . . .
>
> With respect to the objections in Case 2023 CVG 1581 the objection is overruled.
>
> The Miami County Municipal Clerk of Courts shall adjust the record Accordingly.

Judgment Entry (Nov. 4, 2025).

{¶ 23} The trial court failed to provide any analysis supporting its judgment. It did not apply the factors under Sup.R. 45(E) or weigh Preston's interests against the presumption of openness of court records. Additionally, the trial court's judgment entry does not state that it considered the least restrictive means to limit public access, such as redaction of the records.

{¶ 24} The Ninth District Court of Appeals' decision in *S.C.*, 2020-Ohio 2698 (9th Dist.), involved an analogous situation. Like the instant case, in *S.C.* the records at issue involved an eviction matter in which the movant was a tenant, and the tenant was concerned about the records' impact on her ability to secure affordable housing. *Id.* at ¶ 9. The trial court denied the movant's motion to restrict or redact public access, providing no reason for its judgment. *Id.* at ¶ 10. The Ninth District found that the lack of any explanation for the trial court's decision, such as findings of fact or a statement regarding its analysis or weighing of competing interests as mandated by Sup.R. 45(E)(2), precluded appellate review. *Id.*

9

**{¶ 25}** The *S.C.* court stated:

Although the trial court's denial of her motion clearly indicates that it rejected her arguments, it is unclear on what basis it did so. As a result, [the movant] essentially made the same arguments on appeal. Assuming a remedy exists for the trial court's denial of her motion, this Court finds it necessary to remand the matter for the trial court to explain its reasoning for denying her motion. [The movant's] first assignment of error is sustained on that basis.

*Id*.

**{¶ 26}** We agree with *S.C.* "'Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance.'" *Id*., quoting *Catalanotto v. Byrd*, 2016-Ohio-2815, ¶ 12 (9th Dist.). Accordingly, Preston's first and second assignments of error are sustained.

## VII.  Conclusion

**{¶ 27}** Having sustained Preston's assignments of error, we reverse the judgment of the trial court and remand the matter to the trial court to explain its reasoning for denying Preston's motion to seal and/or redact the records at issue.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.